UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAKUNTALA SCHNIRRING | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 3:01 CV 02137 (SRU) |
| | : | |
| METRO-NORTH RAILROAD COMPANY | : | |
| | : | |
| Defendant. | : | FEBRUARY 9, 2004 |

## MOTION TO BRING IN THIRD-PARTY DEFENDANT

The defendant, Metro-North Railroad Company, pursuant to Rule 14 of the Federal Rules of Civil Procedure, moves for leave, as third-party plaintiff, to bring in Steadfast Insurance Company as a third party defendant. Judicial economy would be served by bringing Steadfast Insurance Company into this case. Plaintiff's counsel, Scott Perry, has been consulted and has no objection to the granting of this motion.

A memorandum of law in support of this motion is attached hereto and submitted herewith.

        THE DEFENDANT/THIRD PARTY
        PLAINTIFF,
        METRO-NORTH RAILROAD COMPANY

By:_____
    Robert O. Hickey, Esq., (CT 19555)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Juris No. 52525
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Scott Perry, Esq.
Cahill & Goetsch, PC
43 Trumbull Street
New Haven, CT 06511-1059
Attorney for Plaintiff, Shakuntala Schnirring

        _____
        Robert O. Hickey, Esq.

I:\Procases\205.116\m2bringinsteadfast.wpd
205.116

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAKUNTALA SCHNIRRING | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 3:01 CV 02137 (SRU) |
| | : | |
| METRO-NORTH RAILROAD COMPANY | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO BRING IN THIRD-PARTY DEFENDANT**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, the defendant/third party plaintiff submits the following memorandum of law in support of its Motion to Bring In Third Party Defendant. A copy of the proposed third-party complaint is attached as Exhibit A.

A.   FACTUAL BACKGROUND

The plaintiff, Shakuntala Schnirring, claims that she was injured on November 21, 1998, while engaged in her duties as foreman for Metro-North Railroad Company. The plaintiff was deposed on February 6, 2003 and testified that she was injured when trying to free a Cushman

- 1 -

cart that had become stuck on tracks. She further testified that the Cushman cart became stuck because a paved pathway had been removed as the result of ongoing construction activity in the New Haven station.

Based on the plaintiff's testimony at her February 6, 2003 deposition relative to the location and cause of her alleged injury, Metro-North Railroad Company tendered this case to the Steadfast Insurance Company on March 11, 2003. At the time of the plaintiff's alleged injury, Steadfast Insurance Company had in place a force account policy of insurance, which the defendant believes provides coverage for the plaintiff's injury. In its March 11, 2003 letter to Steadfast Insurance Company, Metro-North Railroad Company demanded defense and indemnity from Steadfast pursuant to the terms of its policy of insurance.

Steadfast Insurance Company, in a letter dated July 10, 2003, refused to provide Metro-North with a defense and refused to indemnify Metro North.

Counsel for Metro-North sent another letter to Steadfast Insurance dated December 18, 2003, again demanding defense and indemnity from Steadfast pursuant to the terms of its policy of insurance. Counsel for Metro-North sent another letter to Steadfast Insurance dated February 3, 2004 advising it of Metro-North's plan to move for permission to bring in Steadfast as a third

party defendant. Steadfast has failed to respond to the letters from counsel for Metro-North or to provide a defense for Metro-North.

B.    LAW AND ARGUMENT

    1.    Applicable Law Regarding Motion to Bring In Third Party.

Rule 14(a) of the Federal Rules of Civil Procedure states, in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. . ."

(Emphasis added.)

"The object of the [impleader] rule [is] to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials . . ." Beaudoin v. Town Oil Co., 207 Conn. 575, 588, 542 A.2d 1124 (1988). *See also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1442. A defendant may implead his liability insurer in a negligence action, particularly when an insurer has refused to defend and has disclaimed liability, thereby compelling a party to defend himself. *See*, *e.g.* Rosalis v. Universal Distributors, Inc., D.Conn. 1957, 21 F.R.D. 169;

- 3 -

Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1449.  That is precisely the situation here.

At the time of the plaintiff's alleged injury, there existed an Insuring Agreement between Steadfast Insurance Company and National Railroad Passenger Corporation.  Upon information and belief, Metro-North was a named insured on that policy.

Metro-North contends that subject incident about which the plaintiff complains in her complaint occurred on a construction site which was covered by the force account insurance policy issued by Steadfast Insurance Company.  If correct, Metro-North is entitled to a defense and indemnification from Steadfast Insurance Company pursuant to the contract of insurance.

Although this case does have a date for the filing of a Joint Trial Memorandum, the impleading of Steadfast may facilitate a more timely resolution of all issues, by settlement or trial.

C.    CONCLUSION

For the foregoing reasons, the defendant/third-party plaintiff requests that its motion to bring in a third-party defendant be granted.

          THE DEFENDANT/THIRD PARTY
PLAINTIFF,
METRO-NORTH RAILROAD COMPANY


By:_____
   Robert O. Hickey, Esq., (CT 19555)
   Ryan, Ryan, Johnson & Deluca, LLP
   80 Fourth Street, P.O. Box 3057
   Stamford, CT   06905
   Juris No. 52525
   Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 9, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Scott Perry, Esq.
Cahill & Goetsch, PC
43 Trumbull Street
New Haven, CT 06511-1059
Attorney for Plaintiff, Shakuntala Schnirring


_____
Robert O. Hickey, Esq.

I:\Procases\205.116\m2bringinsteadfast.wpd
205.116

- 5 -

# Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAKUNTALA SCHNIRRING | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 3:01 CV 02137 (SRU) |
| | : | |
| METRO-NORTH RAILROAD COMPANY | : | |
| | : | |
| Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| STEADFAST INSURANCE COMPANY. | : | FEBRUARY 9, 2004 |

**THIRD-PARTY COMPLAINT**

1.   Metro-North Railroad Company is a common carrier engaged in the business of interstate commerce and operates a railroad business between New York, New York and New Haven, Connecticut.

2.   Plaintiff, Shakuntala Schnirring, has filed against defendant, Metro-North Railroad Company, a complaint, a copy of which is hereto attached as "Exhibit A."

- 1 -

3. At the time of the incident alleged by the plaintiff, November 21, 1998, Defendant, Metro-North Railroad Company was a named insured under a force account insurance policy, No. SCC 3648182-00, issued by Steadfast Insurance Company to National Railroad Passenger Corporation. Said policy was in full force and effect.

4. Pursuant to the Insuring Agreement which existed between Steadfast Insurance Company and National Railroad Passenger Corporation, which extended to the named insured and third-party plaintiff Metro-North Railroad Company, Steadfast Insurance Company agreed to pay on behalf of the Insured compensatory damages and defense expenses because of bodily injury arising out of or resulting from the force account work conducted by its insured which occurred during the policy period.

5. In a letter dated March 11, 2003, Metro-North Railroad Company Claims Manager Mary Walsh tendered the plaintiff's claim to Kevin Duffy of Steadfast Insurance Company, seeking Steadfast Insurance Company's assumption of the defense of the case from Metro-North. A copy of the March 11, 2003 letter is attached as Exhibit "B."

6. In a letter dated July 10, 2003 from Kevin Duffy of Steadfast Insurance Company to Mary Walsh, Claims Manager of Metro-North, Steadfast Insurance refused to defend and

indemnify Metro-North for the plaintiff's claims pursuant to the terms of the applicable policy of insurance. A copy of the July 10, 2003 letter is attached as Exhibit "C."

7. Defense counsel for Metro-North Railroad sent a letter to Kevin Duffy of Steadfast Insurance company on December 18, 2003, demanding defense and indemnity for Metro-North by Steadfast Insurance Company pursuant to the applicable policy of insurance. A copy of the December 18, 2003 letter is attached as Exhibit "D."

8. Defense counsel for Metro-North Railroad sent another letter to Kevin Duffy of Steadfast Insurance Company on February 3, 2004 advising Mr. Duffy of Metro-North's plan to file a motion to bring in Steadfast Insurance Company as a third-party defendant. A copy of the February 3, 2004 letter is attached hereto as Exhibit "E."

9. The plaintiff's claims as set forth in "Exhibit A" are covered by the policy issued by Steadfast Insurance Company, but Steadfast Insurance Company has breached its contract of insurance with Metro-North Railroad by refusing to provide coverage on behalf of Metro-North Railroad Company for this claimed loss.

10. If the plaintiff was injured in the manner and to the extent alleged in her complaint, then the third-party defendant, Steadfast Insurance Company, must provide coverage for and

on behalf of Metro-North Railroad Company pursuant to the terms of the contract referred to herein.

WHEREFORE, Metro-North Railroad Company demands judgment against third-party defendant Steadfast Insurance Company as follows:

1.  for all sums that may be adjudged against defendant Metro-North Railroad Company in favor of plaintiff, Shakuntala Schnirring, as well as a recovery of all defense costs incurred by Metro-North Railroad Company;

2.  A declaration that the claims brought by the plaintiff are covered by the policy of insurance issued by Steadfast Insurance Company; and

3.  Such other relief the court deems appropriate.

>   THE DEFENDANT/THIRD PARTY
>   PLAINTIFF,
>   METRO-NORTH RAILROAD COMPANY
>
>   By:_____
>   Robert O. Hickey, Esq., (CT 19555)
>   Ryan, Ryan, Johnson & Deluca, LLP
>   80 Fourth Street, P.O. Box 3057
>   Stamford, CT   06905
>   Juris No. 52525
>   Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Scott Perry, Esq.
Cahill & Goetsch, PC
43 Trumbull Street
New Haven, CT 06511-1059
Attorney for Plaintiff, Shakuntala Schnirring

                                                _____
                                                Robert O. Hickey, Esq.

I:\Procases\205.116\m2bringinsteadfast.wpd
205.116