# EXHIBIT "C"


ZURICH

July 10, 2003

*Airborne Priority Mail-*

Ms. Mary Walsh
Claims Manager
Metro-North Railroad
50 Union Avenue, Union Station
New Haven, CT 06519

Re:  INSURED:            **Metro-North Railroad Company.**
     CLAIMANT:           **Shakuntala Schnirring**
     ZURICH POLICY NO.:  SCC 3648182-00
     ZURICH FILE NO.:    9410109393

Zurich North America
Specialty Claims

P.O. Box 307010
Jamaica, NY
11430-7010

Telephone (800) 442-2935
Fax (866) 255-2962
Kevin.duffy@zurichna.com

Dear Ms. Walsh:

On behalf of Steadfast Insurance Company ("Steadfast"), we acknowledge receipt of your correspondence dated March 11, 2002 providing notice of the lawsuit styled *Shakuntala Schnirring v. Metro-North Railroad Company* No. 3:01CV02137, currently pending in the United States District Court for the District of Connecticut. Steadfast has reviewed the claim in conjunction with the Railroad Force Account Insurance Policy issued to the National Railroad Passenger Corporation (AMTRAK), which lists Metro-North as named insured pursuant to Endorsement No. 1 of the Steadfast policy. Based on this evaluation, Steadfast currently does not have information such that it believes the claim is covered by the Steadfast policy. Accordingly, Steadfast requests further information from that Metro North and reserves all of its rights, including its right to deny coverage for this claim.

I.   **BACKGROUND INFORMATION**

We understand that this claim involves Shakuntala Schnirring's claims for injuries that she allegedly sustained on November 21, 1998 while working as a foreman of coach cleaners for Metro North at the New Haven, Connecticut train yard.

In her capacity as a foreman of coach cleaners, Schnirring was apparently responsible for supervising the janitors and cleaning staff that cleaned the Metro North trains. On the date of the accident, Schnirring allegedly

noticed that another employee of Metro North became stuck over the train tracks as he attempted to cross the tracks in a Cushman, a small-motorized vehicle. The Cushman became stuck in loose gravel as the employee attempted to cross a portion of track. Schnirring and another employee attempted to aid the Cushman across the loose gravel by pushing the vehicle. While pushing the vehicle, Schnirring allegedly suffered a severe back injury that resulted in surgery.

Schnirring sued Metro North alleging that Metro North was negligent in failing to provide a safe pathway for pedestrians and the Cushmans. According to Schnirring, the pathway that Metro North normally provided was under construction at the time of the accident and Metro North failed to provide an alternative.

## II.    THE STEADFAST POLICY

Steadfast issued Railroad Force Account Insurance Policy No. SCC 3648182-00 to the National Railroad Passenger Corporation (AMTRAK) effective December 1, 1995 to December 1, 1996. The Steadfast policy was extended through December 1, 2003 via Endorsements 4, 8, 21 and 44. The Steadfast policy has limits of liability of $10 million per Accident with a $20 million Policy Aggregate. Metro North is a named insured under the policy pursuant to Endorsement No. 1 of the Steadfast policy.

**Relevant Policy Provisions**

The Steadfast policy provides, in pertinent part, as follows:

I.     INSURING AGREEMENT

    1.     CLAIMS-MADE COVERAGE

The Company will pay on behalf of the Insured for **Ultimate Net Loss** which the Insured must legally pay as compensatory damages and **Defense Expenses** because of **Bodily Injury, Employers Liability, Evacuation Expenses, Fire Suppression Expenses, Personal Injury, Physical Damage, Pollution Clean-up Expenses, Property Damage** or **Medical Payments** which this insurance applies which results from an **Accident** which commences during the applicable **Policy Period**, arising out of or resulting from the **Force Account Work** conducted by the **Named Insured**.

This insurance applies to liability imposed on the Insured by law or assumed under an **Insured Contract.**

This insurance applies to **Bodily Injury, Employers Liability, Evacuation Expenses, Fire Suppression Expenses, Personal Injury, Pollution Clean-up Expenses** or **Property Damage** only if a **Claim** for damages because of **Bodily Injury, Employers Liability, Evacuation Expenses, Fire Suppression Expenses, Personal Injury, Pollution Clean-up Expenses** or **Property Damage** is first made in writing against any **Insured** on or after the **Retroactive Date** specified in Item 4. of the Declarations and then only if notice of such **Claim** is received by the Company during the applicable **Policy Period** or within five years following the end of the applicable **Policy Period**.

                    \*     \*     \*

A **Claim** by a person or organization seeking damages **Bodily Injury, Employers Liability, Evacuation Expenses, Fire Suppression Expenses, Personal Injury, Pollution Clean-up Expenses** or **Property**

**Damage** shall be deemed to have been made when notice of such **Claim** is received by the Company.

\* \* \*

III. CONDITIONS

    A. NOTICE OF **CLAIM(S)** OR **SUIT(S)**

The Insured shall immediately notify the Company of any **Claim**(s) or **Suit**(s):

1. If any **Claim**(s) or **Suit**(s) is received by an **Insured** the **Named Insured** must notify the Company as soon as practicable of the **Claim**(s) or **Suit**(s) and to the extent possible, notice should include:

    (a) how, when and where the **Accident** took place:

    (b) the names and addresses of any injured person and witnesses; and

    (c) the nature and location of any injury or damage arising out of the **Accident**

Notice of an **Accident** is not notice of a **Claim**

2. the **Insured** must:

    (a) immediately send to the Company copies of any demands, notices, summons or legal papers received in connection with the **Claim**(s) or **Suit**(s);

    (b) authorize the Company to obtain records and other information;

July 10, 3
Page 5

    (c)    cooperate with the Company in the investigation, settlement or **Defense** of any **Claim**(s) or **Suit**(s)

    (d)    assist the Company, upon the Company's request, in the enforcement of any right against any person or organization which may be liable to the Insured because of injury or damage to which this insurance may also apply.

    \*    \*    \*

IV.    DEFINITIONS

    \*    \*    \*

15.    **Force Account Work**

**Force Account Work** means work or operations performed by employees of the **Named Insured** for federal, state, municipal or other political sub-divisions or governmental legal entities or for companies, corporations, organizations or other legal entities or for private concerns or individuals wherein the **Named Insured** is reimbursed for the cost of such work or operations. **Force Account Work** includes liability of the **Named Insured** arising out of any act, error, omission, or mistake committed by the **Named Insured** in the rendering or failure to render service or advice of a professional nature in connection with such work or operations

    \*    \*    \*

Only Covered Injury which arises out of **Force Account Work** is insured in this policy.

The Steadfast policy has the following endorsement:

**Endorsement No. 3**

> In consideration of the premium charged, it is agreed this policy provides coverage for the "Stamford Center Island Platforms and Track Construction Project, Project No. 301-006 and other related projects," only.

### III. COVERAGE CONSIDERATIONS

#### A.   The Insuring Agreement -- Force Account Insurance

The Insuring Agreement contained in the Steadfast policy provides that the policy will only provide coverage for claims "arising out of or resulting from the Force Account Work conducted by the Named Insured." The policy defines Force Account Work as work or operations performed by employees of the Named Insured for a government or other organizational entities whereby the Named Insured is reimbursed for the cost of such work or operation.

This particular claim arises from Schnirring's work as a foreman of coach cleaners at the New Haven, Connecticut train platform. At the time of the accident, it appears Schnirring was supervising the janitorial staff cleaning the trains present at the New Haven platform. To date, we have seen no evidence that Schnirring was performing her work on account of any government or other organizational entity or that Metro North was being reimbursed by such entity for her work. As such, Steadfast reserves the right to deny coverage based on the fact that Schnirring's claims do not arise out of Force Account Work. Please provide Steadfast with any information that could potentially qualify Schnirring's work as Force Account Work.

#### B.   Endorsement No. 3 -- Project Specific Endorsement

Endorsement No. 3 to the Steadfast policy provides that the policy only provides coverage for the Stamford Center Island Platforms and Track Construction Project, Project No. 301-006 and other related projects. Schnirring's claims appear to derive exclusively from the Metro North train platform in New Haven, Connecticut. We currently have no information regarding whether the New Haven platform was part of or

related to Project No. 301-006. As such, Steadfast reserves its right to deny coverage based on Endorsement No. 3. Please provide any information that could potentially establish that the New Haven platform was part of or related to Project No. 301-006.

### C. Late Notice

The Steadfast policy requires that the insured immediately notify it of any claims or suits brought against the insured. This action was filed in 2001; however, Steadfast did not receive notice of the suit until March of 2003. Thus, Steadfast reserves its right to deny coverage because Metro North did not provide reasonable notice to Steadfast.

### IV. RESERVATION OF RIGHTS

In view of the foregoing, Steadfast is constrained to reserve all rights and defenses available under the policies issued to the National Railroad Passenger Corporation (AMTRAK) and naming Metro North as a named insured. In addition, Steadfast reserves the right to modify or supplement our coverage position upon receipt of additional or different information. No actions taken in the past, now, or in the future should be construed as waiver of any such rights, which are expressly reserved.

Please feel free to contact me should you require clarification of Steadfast's position.

Very truly yours,

Kevin J. Duffy
Claims Specialist
Steadfast Insurance Company