UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 29  P 1: 18
U.S. DISTRICT COURT
BRIDGEPORT, CONN

SHAKUNTALA SCHNIRRING,

    Plaintiff,

V.     Civ. Action No. 3:01 CV 02137 (SRU)

METRO-NORTH RAILROAD COMPANY,

    Defendant,

V.

STEADFAST INSURANCE COMPANY.     April 13, 2004

## ANSWER TO THIRD PARTY COMPLAINT

Third-Party Defendant, STEADFAST INSURANCE COMPANY ("STEADFAST"), by its attorneys, WHITE FLEISCHNER & FINO, LLP, as and for its Answer to the Third-Party Complaint of the Defendant-Third-Party Plaintiff METRO-NORTH RAILROAD COMPANY, respectfully alleges:

1. STEADFAST admits the allegations contained in ¶1 of the Third-Party Complaint.

2. STEADFAST admits the allegations contained in ¶2 of the Third-Party Complaint.

3. STEADFAST denies the allegations of ¶3 of the Third-Party Complaint except admits that it issued the subject policy of insurance to the plaintiffs, the meaning and interpretation of which are reserved for the court as questions of law. STEADFAST incorporates herein the terms and conditions of the policy by reference.

4. STEADFAST denies the allegations of ¶4 of the Third-Party Complaint except admits that it issued the subject policy of insurance to the plaintiffs, the meaning and interpretation of which are reserved for the court as questions of law. STEADFAST incorporates herein the terms and conditions of the policy by reference.

5. With regard to the allegations of ¶5 of the Third-Party Complaint, STEADFAST admits that METRO NORTH sent STEADFAST the March 11, 2003 letter annexed as Exhibit B to its Third-Party Complaint, the content of which speaks for itself.

6. STEADFAST denies the allegations set forth in ¶ 6 of the Third-Party Complaint except admits that it responded to METRO NORTH'S March 11, 2003 letter, with its own letter dated July 10, 2003 (Exhibit C to the Third-Party Complaint), the content of which speaks for itself.

7. STEADFAST denies the allegations set forth in ¶ 7 of the Third-Party Complaint except admits that METRO NORTH sent it the December 18, 2003 letter annexed as Exhibit D to METRO NORTH'S Third-Party Complaint, the contents of which speaks for itself.

8. STEADFAST denies the allegations set forth in ¶ 8 of the Third-Party Complaint except admits that METRO NORTH sent STEADFAST the February 3, 2004 letter annexed as Exhibit E to METRO NORTH'S Third-Party Complaint, the contents of which speaks for itself.

9. STEADFAST in all respects denies the allegations set forth in ¶ 9 of the Third-Party Complaint.

10. STEADFAST in all respects denies the allegations set forth in ¶ 10 of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

11. NOW COMES the Third-Party defendant, STEADFAST INSURANCE COMPANY, and for its Affirmative Defenses, states the following:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. STEADFAST Force Account Insurance Policy # SCC 3648182-00 states in its insuring agreement that STEADFAST will:

1. Pay on behalf of the Insured for Ultimate Net Loss which the Insured must legally pay as compensatory damages and Defense Expenses because of Bodily Injury, Employer's Liability...to which this insurance applies which results from an accident which commences during the applicable policy period, **arising out of or resulting from the Force Account Work conducted by the Named Insured.** (Emphasis added)

* * *

3. With respect to claims for Bodily Injury, Employers Liability..., the Company shall be responsible for the investigation, settlement, defense and final disposition of any Claim made against the Insured to which this policy would apply. The Insured shall cooperate with the Company to the fullest extent possible to settle all such Claim(s). Failure on the part of any Insured to so cooperate shall relieve the Company of liability for such Claims arising under this policy.

13. The policy defines "Force Account Work" as:

"work or operations performed by employees of the Named Insured for federal, state, municipal or other political subdivisions or governmental legal entities or for companies, corporations, organizations or other legal entities or for private concerns or individuals wherein the Named Insured is reimbursed for the cost of such work or operations. Force Account Work includes liability of the Named Insured arising out of any act, error, omission, or mistake committed by the Named Insured in the rendering or failure to render service or advice of a professional nature in connection with such work or operations..."

14. The injuries alleged in the underlying *Schnirring* Complaint did not arise out of Force Account Work and therefore are beyond the insuring agreement of the subject policy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. The Conditions section of the policy required METRO NORTH to do the following in the event of an Accident:

The Insured shall notify the Company of any Accident(s).

Such notice shall contain sufficient information to identify the insured and reasonably obtainable information as of the date, time, place and circumstances of the Accident and a description of any injuries or damage. * * *

16. METRO NORTH violated the STEADFAST policy's Notice of Accident Condition, resulting in material prejudice to STEADFAST.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The Conditions section of the policy required METRO NORTH to do the following in the event of a Claim or Suit:

A. Notice of Claim(s) or Suits(s):

The insured shall immediately notify the Company of any Claim(s) or Suit(s):

1. If any Claim(s) or Suit(s) is received by an Insured the Named Insured must notify the Company as soon as practicable of the Claim(s) or Suit(s) and to the extent possible, notice should include:

(a) how, when and where the Accident took place;
(b) the names and addresses of any injured person and witnesses; and
(c) the nature and location of any injury or damage arising out of the Accident.

Notice of an Accident is not notice of a Claim.

2. The insured must:

(a) immediately send to the Company copies of any demands, notices, summonses or legal papers received connection with the Claim(s) or Suit(s);
(b) authorize us to obtain records and other information;
and the specifics of the claim or suit and the date received; and
(c) cooperate with the Company in the investigation, settlement or defense of the claim or suit;
(d) assist the Company, upon the Company's request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

18. METRO NORTH violated the STEADFAST policy's Notice of Claim Condition, resulting in material prejudice to STEADFAST.

### AS AND FOR A FORUTH AFFIRMATIVE DEFENSE

19. METRO NORTH violated the STEADFAST policy's above-cited Notice of Suit Condition, resulting in material prejudice to STEADFAST.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. The claim asserted by the plaintiff SHAKUNTALA SCHNIRRING is not, in

any event, covered by the STEADFAST policy, as Exclusion 8 of the policy provides that the policy does not apply to:

> Any covered injury which arises out of or results from the ownership, maintenance, operation, use, loading or unloading of any Automobile, Watercraft or Aircraft.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21.     The claims alleged in the *Schnirring* Complaint are otherwise excluded from coverage under the STEADFAST policy.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

22.     The Third-Party Complaint must be dismissed because there is no justiciable controversy.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

23.     METRO NORTH is not entitled to the equitable relief sought in the Third-Party Complaint inasmuch as it has been guilty of inequitable conduct and has failed to come into equity with clean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24.     The Complaint fails to state a claim against STEADFAST and must therefore be dismissed.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

25.     Any coverage afforded by the STEADFAST policy is in any event limited by the terms of its Other Insurance clause:

> If the insured is entitled to be indemnified or otherwise insured in whole or in part by any other insurance for any Claim or Accident which would have been covered in whole or in part by this policy, the Limit of Liability specified in Item 3. of the Declarations shall apply in excess of, and shall not contribute to, any Claim or Accident covered by each other insurance.***

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

26. The Third-Party Plaintiff's claim is barred by the equitable doctrine of estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27. The Third-Party Plaintiff's claim is barred by the equitable doctrine of waiver.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28. The instant action is barred by the equitable doctrine of Laches.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29. Third-Party Plaintiff has failed to mitigate damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30. The third-party plaintiff's claim is barred by the terms and conditions of the STEADFAST policy.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

31. The answering Third-Party defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

32. The plaintiffs' claims are barred, in whole or in part, by the limits of liability of the STEADFAST policy.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

33. The plaintiffs' claims are barred to the extent they seek reimbursement or indemnity for monetary obligations assumed or moneys voluntarily paid by the Third-Party plaintiffs in addressing the *Schnirring* claim.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

34. Should the court determine that there exists any insurance coverage for the claims alleged in the underlying Complaint, the liability for such coverage is properly the responsibility in whole or in part of one or more parties other than STEADFAST.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

35. The policy of insurance issued to METRO NORTH provides in relevant part:

E. ATTACHMENT OF LIABILITY

The liability of the Company in this policy shall not attach unless and until the Insured shall have complied with all of the temrs and conditions of this policy.

38. Pursuant to the foregoing policy provision, the Third-Party action must be dismissed.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

36. The policy of insurance issued to METRO NORTH provides in relevant part:

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all terms and conditions of this policy.

37. Pursuant to the foregoing policy provision, the Third-Party action must be dismissed.

WHEREFORE, Third-Party defendant, STEADFAST INSURANCE COMPANY demands judgment dismissing the Third-Party Complaint herein, and declaring that METRO

NORTH is not entitled to a defense or indemnification in the first-party *Schnirring v. Metro North* action under STEADFAST Railroad Force Account Work insurance policy # SCC 3648182-00, together with the costs and disbursements of this action.

Dated: New York, New York
      April 15, 2004

                                  THE THIRD-PARTY DEFENDANT,
                                  Steadfast Insurance Company

                                  By: _____
                                          Nancy Lyness
                                  Federal Bar ID: CT23852
                                  WHITE FLEISCHNER & FINO, LLP
                                  140 Broadway - 36th Floor
                                  New York, New York 10005
                                  (212) 487-9700
                                  Our File No.: 210-10360
                                        -c/o-
                                  Nancy Lyness, Esq.
                                  110 Thunder Lake Road
                                  Wilton, CT 06897

## CERTIFICATE OF MAILING

I hereby certify that on April 15, 2004, a copy of the above was sent via Overnight Mail to the following counsel of record:

Robert O. Hickey
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

Brian Molinari
Landman, Corsi, Ballaine & Ford
120 Broadway, 27th Floor
New York, NY 10271

Scott Perry, Esq.
Cahill & Goetsch
43 Trumbull Street
New Haven, CT 06511

*Patricia Barbaro*
**PATRICIA BARBARO**

Sworn to before me this
15th day of April, 2004

*Leticia Quintana*

LETICIA QUINTANA
Commissioner Of Deeds
City Of New York Number 2-12557
Certificate Filed in New York County
Commission Expires On Nov. 01, 2005