UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAKUNTALA SCHNIRRING,                          :
                                                :
                    Plaintiff,                  :
                                                :
            V.                                  :        Civ. Action No. 3:01 CV 02137 (SRU)
                                                :
METRO-NORTH RAILROAD COMPANY,:
                                                :
                    Defendant,                  :
                                                :
            V.                                  :
                                                :
STEADFAST INSURANCE COMPANY,                    :
                    Third-Party Defendant.:          April 30, 2004

**CERTIFICATION IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS, SUMMARY JUDGMENT, OR ALTERNATIVE RELIEF**

STATE OF N.Y.      )
                   ) SS:
COUNTY OF N.Y.  )

        NANCY LYNESS, an attorney duly licensed to practice law before the Courts of this

State, and the United States District Court, District of Connecticut, hereby swears under the

penalties of perjury that the following is true:

        1.      I am a partner with the law firm of White, Fleischner & Fino, attorneys for the

third-party defendant STEADFAST INSURANCE COMPANY ("STEADFAST") in the

above-captioned matter and as such, I am fully familiar with the facts and circumstances of this

case.

1

2.     I submit this Certification pursuant to *D. Conn. L. Civ. R. 7, Fed. R. Civ. P. 12(c)* ("Motion for Judgment on the Pleadings"), and *Fed. R. Civ. P. 56* (Motion for Summary Judgment"), in support of the within Motion for an Order granting judgment on the pleadings or summary judgment, and dismissing the Third-Party Complaint of METRO NORTH RAILROAD COMPANY, on the grounds that:

[a] METRO NORTH'S failure (1) to timely notify STEADFAST of the accident involving MS. SCHNIRRING, (2) to timely notify STEADFAST of the ensuing claim, and (3) to timely notify STEADFAST of the resulting law suit, constitute material breaches of the STEADFAST policy's Notice Conditions which vitiate METRO NORTH'S right to coverage under the subject policy; and

[b] METRO NORTH otherwise materially breached the insurance contract between itself and STEADFAST.

3.     In the event the court denies its motion, STEADFAST moves, in the alternative, for severance of METRO NORTH'S Third-Party coverage action against STEADFAST, from the primary liability action ("the main action") commenced by SCHNIRRING against METRO NORTH to recover monetary damages on account of METRO NORTH'S alleged negligence.

## RELEVANT BACKGROUND FACTS and PROCEDURAL HISTORY

### A. The STEADFAST Force Account Work Policy of Insurance

4.     STEADFAST issued Force Account Insurance Policy # SCC 3648182-00 (**Exhibit A**) to non-party National Railroad Passenger Corporation d/b/a Amtrak.  METRO NORTH is named as an insured on the policy pursuant to Endorsement #1, and the policy was

in effect on the accident date as well as when the claim was first reported. The policy's

insuring agreement obligates STEADFAST to:

1. Pay on behalf of the Insured for Ultimate Net Loss which the Insured must legally pay as compensatory damages and Defense Expenses because of Bodily Injury, Employer's Liability...to which this insurance applies which results from an accident which commences during the applicable policy period, arising out of or resulting from the Force Account Work conducted by the Named Insured.  (Emphasis added)

* * *

3. With respect to claims for Bodily Injury, Employers Liability..., the Company shall be responsible for the investigation, settlement, defense and final disposition of any Claim made against the Insured to which this policy would apply.  The Insured shall cooperate with the Company to the fullest extent possible to settle all such Claim(s).  Failure on the part of any Insured to so cooperate shall relieve the Company of liability for such Claims arising under this policy.

     5.     The policy defines "Force Account Work" as:

"work or operations performed by employees of the Named Insured for federal, state, municipal or other political subdivisions or governmental legal entities or for companies, corporations, organizations or other legal entities or for private concerns or individuals wherein the Named Insured is reimbursed for the cost of such work or operations.  Force Account Work includes liability of the Named Insured arising out of any act, error, omission, or mistake committed by the Named Insured in the rendering or failure to render service or advice of a professional nature in connection with such work or operations..."

     6.     Condition B. of the policy requires the insured to do the following upon

becoming aware of an accident on the premises which results in bodily injury:

The Insured shall notify the Company of any Accident(s).

Such notice shall contain sufficient information to identify the insured and reasonably obtainable information as of the date, time, place and circumstances of the Accident and a description of any injuries or damage. ***

     7.     The policy also contains a Condition entitled "D. Prevention of Further

Claims", which states that:

"As soon as the insured becomes aware of an Accident or receives a Claim, the Insured shall immediately and at its own expense take all reasonable steps to prevent further covered injury resulting from the same Accident or conditions which might cause another Accident."

     8.     Condition A. of the policy, entitled "Notice of Claims or Suits" requires the

insured to do the following in the event of a Claim or Suit:

A. Notice of Claim(s) or Suits(s):

The insured shall immediately notify the Company of any Claim(s) or Suit(s):

1. If any Claim(s) or Suit(s) is received by an Insured the Named Insured must notify the Company as soon as practicable of the Claim(s) or Suit(s) and to the extent possible, notice should include:

(a) how, when and where the Accident took place;
(b) the names and addresses of any injured person and witnesses; and
(c) the nature and location of any injury or damage arising out of the Accident.

Notice of an Accident is not notice of a Claim.

2. The insured must:

(a) immediately send to the Company copies of any demands, notices, summonses or legal papers received connection with the Claim(s) or Suit(s);
(b) authorize us to obtain records and other information;
and the specifics of the claim or suit and the date received; and
(c) cooperate with the Company in the investigation, settlement or defense of the claim or suit;
(d) assist the Company, upon the Company's request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Condition K., entitled "Per Job Coverage" requires the insured to:

submit monthly to [STEADFAST] a description of each new Force Account Work job including the type and amount of work to be done, the location of the job, the number of the Insured's employees working on that job, the estimated duration of the job and the estimated base payroll for the job. The insured shall also submit monthly to the Company a status report on all Force Account Work jobs which have been completed indicating the date of completion which shall be deemed to the end of the applicable Policy Period.

## B. Factual and Procedural History of the Case

10.    On **November 14, 2001**, the plaintiff, SHAKUNTALAH SCHNIRRING,

commenced this action against METRO NORTH to recover damages for injuries she allegedly

sustained on **November 21, 1998,** during the course of her employment for the defendant

METRO NORTH.  At the time of the accident giving rise to this lawsuit, MS. SCHNIRRING

was a foreman responsible for supervising a staff of janitors who clean the METRO NORTH

commuter trains at the New Haven train station/yard.  Federal jurisdiction is based upon the

*Federal Employers Liability Act (FELA), 45 USC Sec. 51 et seq.* (See Complaint annexed hereto as **Exhibit B**).

11.   It is uncontroverted that initially, in response to the Complaint, METRO NORTH did not tender its defense to third-party defendant STEADFAST. Instead, it assigned the Stamford, Connecticut firm of Ryan, Ryan, Deluca & Johnson to defend METRO NORTH against the plaintiff's claims.

12.   The discovery exchanged during the course of the *Schnirring* law suit, and which METRO NORTH provided to STEADFAST Claims Case Manage Kevin Duffy under cover letter dated March 9, 2004 (**Exhibit C**) discloses incontrovertibly that METRO NORTH first learned of SCHNIRRING'S accident and alleged injuries in **December of 1999**, when SCHNIRRING (then Shakuntala Ishmael) gave a handwritten statement to METRO NORTH concerning the event (**Exhibit D**).  In her statement, SCHNIRRING maintained that the accident resulting in injury to her back occurred when she and another METRO NORTH employee were trying to free a Cushman utility car  (a small, motorized vehicle) which had "become stuck between track 1 and track 3."  She further maintains that the Cushman cart had become lodged between the tracks on many other occasions "because the crossing has been removed."

13.   In a **December 16, 1999** letter from METRO NORTH to SCHNIRRING (**Exhibit E**), METRO NORTH acknowledges receipt of SCHNIRRING'S statement claiming a back injury, and advising of the location where it occurred.  METRO NORTH further advises in its letter to SCHNIRRING that "because of the seriousness of the situation, I am forwarding this memo along with a copy of your letter to Mr. G.R. Butt, CMO, as well as the Safety and

Claims Department for review and recommendation." It is uncontroverted that METRO NORTH did not, at the time it learned of MS. SCHNIRRING'S accident and claim of bodily injury, furnish STEADFAST with notice of the occurrence and/or claim.

14.    In February of 2003 (which is almost a year and a half after SCHNIRRING'S commencement of the action, and more than three years after MS. SCHNIRRING gave METRO NORTH her written statement of the incident), defense counsel retained by METRO NORTH conducted MS. SCHNIRRING'S deposition. (MS. SCHNIRRING'S deposition transcript is annexed hereto as **Exhibit F**).

At the deposition, SCHNIRRING testified, consistent with her written statement from December of 1999, that the accident occurred as she attempted to free a Cushman cart which had become lodged in some loose gravel on the track. She attributed the condition to the removal, during the course of construction work, of a paved pathway that METRO NORTH had previously provided to its employees and pedestrians as a means of crossing the tracks.

15.    Shortly after MS. SCHNIRRING'S deposition, METRO NORTH, by letter dated March 11, 2003 (**Exhibit G**), tendered its defense in the *Schnirring* matter to STEADFAST. It is undisputed that this tender, which occurred almost four and a half years after SCHNIRRING'S alleged accident, almost three and a half years after METRO NORTH first learned of the accident and plaintiff's claim of back injury, and approximately a year and a half after SCHNIRRING'S commencement of the law suit, constituted METRO NORTH'S first notification to STEADFAST of the accident, claim and lawsuit. (See annexed Affidavit of STEADFAST Claims Case Manager Kevin Duffy).

6

16.    In its March 11, 2003 letter to STEADFAST, METRO NORTH maintains that it was "unaware of the specific circumstances surrounding plaintiff's accident until her deposition was taken last month." METRO NORTH further claimed in its tender letter that MS. SCHNIRRING'S deposition testimony indicates that the spot where the accident allegedly occurred was "an area under construction as part of the New Haven Interlocking Project covered under Amtrak Force Account Work Order No. 3017". According to METRO NORTH, the claim was therefore covered by the above-described Force Account Work policy of insurance which STEADFAST had issued to METRO NORTH.

17.    As set forth in the annexed Affidavit of Kevin Duffy, in response to METRO NORTH'S tender, STEADFAST maintained in its own letter of July 10, 2003 (**Exhibit H**), *inter alia*, that METRO NORTH had not provided STREADFAST with sufficient information to enable it to determine whether the *Schnirring* claim implicated the STEADFAST policy. STEADFAST'S response also raised, *inter alia*, its policy's Notice Condition.

18.    Several months later, in December of 2003, METRO NORTH, through Ryan, Ryan, Johnson & DeLuca, again demanded that STEADFAST assume its defense and indemnify it with regard to the *Schnirring* law suit. When STEADFAST'S agreement to do so was not forthcoming, METRO NORTH commenced, last February, a third-party action seeking a declaration of coverage under the STEADFAST policy.

In its Third-Party Complaint (**Exhibit I**), METRO NORTH alleges that when MS. SCHNIRRING was deposed in February of 2003, METRO NORTH discovered **for the first time**, based upon her testimony concerning the location of the accident and its alleged cause, that its STEADFAST policy should respond to the claim.

7

19.    As averred by Mr. Duffy in his annexed Affidavit, in response to the Third-Party Complaint, STEADFAST agreed to assume METRO NORTH'S defense while the coverage issues were litigated in the Third-Party action.  It assigned the law firm of Landman, Corsi, Ballaine & Ford to represent METRO NORTH in place and stead of the Ryan firm in Stamford. The Ryan firm has now withdrawn as counsel of record for METRO NORTH. The issues of defense and indemnification with regard to any judgment or settlement remain to be resolved in the Third-Party action.    Furthermore, the issue of whether STEADFAST'S obligation to defend encompasses the duty to have its retained attorneys prosecute the third-party coverage action against STEADFAST, is an issue which must be resolved on the instant motion.

20.    As stated in the Affidavit of Kevin Duffy, it is STEADFAST'S position that its agreement to assume the defense of METRO NORTH does not encompass METRO NORTH'S prosecution of its third-party claim for coverage against STEADFAST.

21.    In its Answer to the Third-Party Declaratory Judgment Complaint (**Exhibit J**), STEADFAST raises by way of Affirmative Defenses, *inter alia*, (1) that METRO NORTH violated multiple conditions of the STEADFAST policy, including,  but not limited to the Notice of Accident Condition, the Notice of Claim Condition, and the Notice of Suit Condition, thereby forfeiting its right to coverage under the STEADFAST policy.

22.    The lawsuit was originally scheduled to proceed to trial on May 16th, but has been briefly postponed on account of the recent coverage claim asserted by METRO NORTH against STEADFAST.

## SUMMARY OF LEGAL ARGUMENT

8

For the reasons discussed in greater detail in the accompanying Memorandum of Law, the Court should grant judgment on the pleadings, pursuant to *Fed.R Civ. P. 12(c),* or alternatively, summary judgment pursuant to *Fed. R. Civ. P. 56,* in favor of STEADFAST, with respect to METRO NORTH'S third-party action for coverage. METRO NORTH has forfeited any right to coverage under the STEADFAST policy on account of its material breaches of the policy's Conditions concerning (1) Notice of Accident, (2) Notice of Claim, (3) Notice of Law Suit, and (4) the reporting of Force Account work.

The materials exchanged during the course of discovery incontrovertibly establish that METRO NORTH learned of the accident and claim, as well as its general location, in December of 1999. Its knowledge thereof required it to notify STEADFAST, and to conduct whatever investigation was necessary to ascertain the accident's date, time and precise location. METRO NORTH breached this policy condition precedent to coverage by failing to place STEADFAST on notice, and by failing to conduct an adequate investigation into the facts. It is because of this failure that METRO NORTH did not timely determine that the plaintiff's accident implicated its Force Account Work policy from STEADFAST.

Furthermore, the *Schnirring* lawsuit, commenced in November of 2001, was both a "claim", and a "suit", requiring notice to STEASFAST as soon as practicable, including the "how, when and where" information required by the policy's Notice of Claim/Suit Condition. METRO NORTH did not provide the required notice, nor did it fulfill its contractual obligation to investigate and properly determine the critical "how, when and where" information required by the insurance contract. Had METRO NORTH conducted any diligent investigation into the accident and had it investigated again upon its receipt of the suit papers,

9

as required by the policy Conditions, it would have confirmed well in advance of the plaintiff's deposition in February of 2003, the facts upon which it now relies in contending that the STEADFAST policy applies to this claim.

As established in STEADFAST'S accompanying Memorandum of Law, METRO NORTH'S extensive delays in providing the notice required by the policy Conditions give rise to a presumption of prejudice to STEADFAST. The averments contained in Mr. Duffy's annexed Affidavit establish actual prejudice to STEADFAST, thereby rendering the presumption of prejudice irrefutable.

Next, even if METRO NORTH had fulfilled the policy's Notice Conditions, its material breach of an additional policy Condition also vitiates its right to coverage under the STEADFAST policy. As averred by Mr. Duffy in his annexed Affidavit, METRO NORTH has not complied with the STEADFAST policy's recording requirements, which are set forth in Condition K. of the policy, and which obligate METRO NORTH to furnish STEADFAST with monthly descriptions of each new Force Account Work job, and monthly status reports on all Force Account Work jobs which have been completed.

STEADFAST respectfully submits that individually, and certainly in the aggregate, METRO NORTH'S breaches of the STEADFAST policy Conditions (which are conditions precedent to METRO NORTH'S right to recover proceeds under the subject policy), entitle STEADFAST to a declaration that METRO NORTH is not entitled to a defense or indemnification from it with regard to the main action. STEADFAST therefore requests that the court grant its instant motion, and issue an Order dismissing the Third-Party Complaint.

In the event the court denies the requested relief, then STEADFAST respectfully submits the court should sever the Third-Party action because (1) STEADFAST must be afforded an opportunity to conduct discovery on the coverage issues necessary to defend the third-party claim, (2) it would be prejudicial to STEADFAST to have the issue of insurance coverage tried before the same jury which considers the liability claims asserted by SCHNIRRING against METRO NORTH in the main action, and (3) METRO NORTH and STEADFAST are currently in dispute with respect to whether STEADFAST'S agreement to defend METRO NORTH against the claims of the plaintiff, encompasses the obligation to prosecute METRO NORTH'S third-party action for coverage against STEADFAST.

STEADFAST maintains that the prosecution of the third-party coverage action exceeds the scope of its duty to defend; while the duty to defend would include the prosecution of claims against other parties to a law suit and the insurers of those other parties, for example, for contractual or common-law indemnification, an insurer's duty/agreement to defend does not encompass the prosecution of an insured's coverage claim against its own insurer. Indeed, it is unreasonable to expect that an insurer, under a defense obligation, would have a duty to fund a coverage claim against itself.

In any event, severance is warranted for the additional reason that presently, METRO NORTH'S expectation is that STEADFAST-retained defense counsel for METRO NORTH will be prosecuting the recently-commenced third-party action against STEADFAST. This expectation gives rise to a patent conflict of interest; STEADFAST maintains that STEADFAST-retained attorneys cannot properly prosecute a coverage claim against STEADFAST. METRO NORTH'S current defense counsel (retained by STEADFAST) has

11

therefore advised METRO NORTH and METRO NORTH'S prior defense counsel that it will not be prosecuting the third-party claim.

It is STEADFAST'S position that prior defense counsel, who were retained by METRO NORTH, and who have withdrawn as attorneys of record in this action, must step back into the case for the purpose of prosecuting METRO NORTH'S claim for coverage against STEADFAST. Unless and/or until the court rules on this issue, the coverage claim cannot go forward and hence, severance of the third-party action should be granted in the event the court does not dismiss the third-party Complaint in its entirety in response to STEADFAST'S instant motion.

WHEREFORE, the third-party defendant STEADFAST INSURANCE COMPANY prays that its motion be in all respects granted.

THE THIRD-PARTY DEFENDANT,
STEADFAST INSURANCE COMPANY
By:

Nancy Lyness (CT 23852)
WHITE FLEISCHNER & FINO, LLP
24 East Avenue, #295
New Canaan, CT 06840
Our File No.: 210-10360

12

WHITE FLEISCHNER & FINO, LLP    140 BROADWAY, NEW YORK, NY 10005
T212.487.9700  F212.487.9777  WWW.WFF-LAW.COM

May 26, 2004

**Via Overnight Mail**

Clerk's Office
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Re:    Schnirring, Shakuntala v. Metro-North Railroad Company v. Steadfast Insurance
        Company
        Civ. Action No. 3:01CV02137 (SRU)
        Our File No.: 210-10360-1C-BAF/NDL

Dear Sir/Madam:

Enclosed for filing please find the third-party defendant Steadfast Insurance Company's motion
for dismissal of the Third-Party Complaint and for related alternative relief, along with a
Floppy Disk containing the motion in Portable Document Format (PDF).

Thank you for your attention to this matter, and please do not hesitate to contact me should you
have any questions.    Please be advised that with respect to the Affidavit of Kevin Duffy,
which is annexed to the enclosed Certification of Counsel, our office will furnish the court
with the sworn, notarized version of his Affidavit upon our receipt of same within the next few
days.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

Nancy D. Lyness, Esq.
nlyness@wff-law.com

NDL/pb
Enclosure

A NEW YORK LIMITED LIABILITY PARTNERSHIP

RED BANK, NEW JERSEY                                            LONDON, ENGLAND

cc:

Robert O. Hickey
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

Cathleen Giannetta
Landman, Corsi, Ballaine & Ford
120 Broadway, 27th Floor
New York, NY  10271

Scott Perry, Esq.
Cahill & Goetsch
43 Trumbull Street
New Haven, CT  06511

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAKUNTALA SCHNIRRING,     :
                                  :

        Plaintiff,          :

      V.                 :     Civ. Action No. 3:01 CV 02137 (SRU)

METRO-NORTH RAILROAD COMPANY,:

        Defendant,     :

      V.                 :

STEADFAST INSURANCE COMPANY,
        Third-Party Defendant.:    April 30, 2004

## AFFIDAVIT IN SUPPORT

STATE OF N.Y.           )
                         ) SS:
COUNTY OF QUEENS     )

    KEVIN DUFFY, as representative of the Third-Party Defendant STEADFAST INSURANCE COMPANY ("STEADFAST"), being duly sworn, deposes and says:

    1.    I have personal knowledge concerning all of the facts asserted herein.

    2.    I submit this Affidavit in support of STEADFAST'S motion for dismissal of METRO NORTH'S Third-Party Complaint against it, and for a corresponding Order declaring that STEADFAST has no obligation to provide a further defense for, or to indemnify METRO NORTH, in the main action by the plaintiff SHAKUNTALAH SCHNIRRING, to recover damages against METRO NORTH as compensation for the injuries she allegedly sustained as a consequence of METRO NORTH'S alleged negligence.

## RELEVANT FACTUAL AVERMENTS

3.  I am a Claims Case Manager employed by Zurich North America ("Zurich"). The third-party defendant STEADFAST is a member company of Zurich. My responsibilities in the position of Claims Case Manager include the processing, supervision and management of liability claims asserted against STEADFAST-insureds such as METRO NORTH herein.

4.  STEADFAST issued Force Account Insurance Policy # SCC 3648182-00 to non-party National Railroad Passenger Corporation d/b/a Amtrak. METRO NORTH is named as an insured on the policy, which is annexed as **Exhibit A** to the accompanying Certification of Counsel. The policy was in effect on the accident date (**November 21, 1998**) as well as when the claim was first reported to STEADFAST in March of 2003.

5.  The policy's insuring agreement obligates STEADFAST to defend and indemnify METRO NORTH for bodily injury claims "**arising out of or resulting from the Force Account Work conducted by the Named Insured.**"

6.  The policy defines "Force Account Work" as:

"work or operations performed by employees of the Named Insured for federal, state, municipal or other political subdivisions or governmental legal entities or for companies, corporations, organizations or other legal entities or for private concerns or individuals wherein the Named Insured is reimbursed for the cost of such work or operations. Force Account Work includes liability of the Named Insured arising out of any act, error, omission, or mistake committed by the Named Insured in the rendering or failure to render service or advice of a professional nature in connection with such work or operations..."

8.  The Conditions section of the policy requires the insured, upon becoming aware of an accident on the premises, to, *inter alia*, notify STEADFAST of the accident, and to provide it with "sufficient information to identify the insured and reasonably obtainable information as of the date, time, place and circumstances of the Accident and a description of any injuries or damage."

9.     The policy also contains a Condition entitled "D. Prevention of Further Claims", which states that:

"As soon as the insured becomes aware of an Accident or receives a Claim, the Insured shall immediately and at its own expense take all reasonable steps to prevent further covered injury resulting from the same Accident or conditions which might cause another Accident."

10.     Furthermore, the Conditions section of the policy requires the insured to do the following in the event of a Claim or Suit:

A. Notice of Claim(s) or Suits(s):
The insured shall **immediately notify the Company of any Claim(s) or Suit(s):** (emphasis added)

1. **If any Claim(s) or Suit(s) is received by an Insured the Named Insured must notify the Company as soon as practicable of the Claim(s) or Suit(s) and to the extent possible, notice should include:**

**(a) how, when and where the Accident took place;**
**(b) the names and addresses of any injured person and witnesses; and**
**(c) the nature and location of any injury or damage arising out of the Accident.**

**Notice of an Accident is not notice of a Claim.** (emphasis added)

**2. The insured must:**

**(a) immediately send to the Company copies of any demands, notices, summonses or legal papers received connection with the Claim(s) or Suit(s)\*\*\***

11.     Notwithstanding the above-cited Notice Conditions, in March of 2003 (which is almost four and a half years after SCHNIRRING'S alleged accident,  almost three and a half years after METRO NORTH first learned of the accident and plaintiff's claim of back injury, and approximately a year and a half after SCHNIRRING'S commencement of the law suit), METRO NORTH notified STEADFAST for the first time, that on **November 14, 2001**, the plaintiff, SHAKUNTALAH SCHNIRRING, commenced this *FELA* action against METRO NORTH to recover damages for injuries she allegedly sustained on **November 21, 1998**, during the course of her employment for the defendant METRO NORTH.

12.     I learned this information upon receiving from METRO NORTH'S attorneys, a tender letter dated March 11, 2003 (**Exhibit G** to the accompanying Certification of Counsel).

METRO NORTH'S extensive delays in providing notice of the accident, claim and suit to STEADFAST, have resulted in appreciable prejudice to STEADFAST.

The case is scheduled to proceed imminently to trial, with STEADFAST placed squarely in the position of having lost any meaningful opportunity to, *inter alia*, conduct its own investigation into the accident, to track down and interview witnesses, to conduct surveillance, to explore the possibility of fraud, to determine the extent to which any third parties were/are viable sources of contribution and/or indemnification, and to evaluate and assert all potentially relevant affirmative defenses.

METRO NORTH'S own contention that it did not learn until the plaintiff's deposition, in February 2003, that the manner in which the accident occurred and the location of its occurrence implicate the STEADFAST policy, compel the court to conclude that METRO NORTH'S own investigation procedures  with regard to MS. SCHNIRRING'S accident and claim, were grossly deficient.

In addition to the foregoing, STEADFAST has also been denied any opportunity to determine for itself whether an early resolution of the claim through settlement would have been the preferred course of action.   It could not be more obvious that  STEADFAST'S lost contractual right (which it was denied solely as a consequence of METRO NORTH'S delay in providing notice as required by the policy) to take charge of early settlement negotiations, as well as other lost strategical and tactical opportunities, have resulted in appreciable prejudice to STEADFAST; the plaintiff, over time, has become increasingly obstinate about settlement and indeed, has now irrationally taken her earlier settlement demand off the table, making resolution of the case prior to trial, an impossibility.

13.    Under cover letter to METRO NORTH'S attorneys dated July 10, 2003 (**Exhibit H** to the accompanying Certification of Counsel), I responded to METRO NORTH'S tender, advising on behalf of STEADFAST that, among other things, METRO NORTH had not provided STREADFAST with sufficient information to enable it to determine whether the *Schnirring* claim implicated the STEADFAST policy. My response to METRO NORTH also raised, among other things, the STEADFAST policy's Notice Conditions.

14.    STEADFAST ultimately rejected METRO NORTH'S tender, prompting METRO NORTH to recently initiate the above-captioned Third-Party action, which seeks a declaration that, with respect to the *Schnirring* law suit, it is entitled to coverage (defense and indemnification) under the STEADFAST policy.

15.    Under cover letter dated March 9, 2004 (**Exhibit C** to the accompanying Certification of Counsel), METRO NORTH'S attorneys furnished me with, *inter alia*, a written statement (**Exhibit D** to the accompanying Certification of Counsel) exchanged during discovery in the main action, from SCHNIRRING to METRO NORTH, dated December 9, 1999, wherein she claims she sustained a back injury on November 21, 1998 while attempting to remove a Cushman utility cart that had become stuck on the train tracks "between track 1 and 3". She further states that the cart had gotten caught in the tracks on several prior occasions because the track crossing had been removed.

16.    METRO NORTH'S March 9, 2004 letter to me also included METRO NORTH'S December 16, 1999 responsive letter to MS. SCHNIRRING (Exhibit E to the accompanying Certification of Counsel), wherein METRO NORTH acknowledged receipt of her statement, which claimed a back injury, and advised of the location where the injury

occurred. METRO NORTH states in this letter to SCHNIRRING that "because of the seriousness of the situation, I am forwarding this memo along with a copy of your letter to Mr. G.R. Butt, CMO, as well as the Safety and Claims Department for review and recommendation."

17.    In response to METRO NORTH'S Third-Party Complaint, I have agreed on behalf of STEADFAST to assume METRO NORTH'S defense while STEADFAST'S coverage obligations (to defend and indemnify METRO NORTH) are being litigated in the Third-Party action. In furtherance of this agreement, I assigned the law firm of Landman, Corsi, Ballaine & Ford to represent METRO NORTH in place and stead of the law firm METRO NORTH had retained to represent itself. METRO NORTH'S original attorneys have now withdrawn as counsel of record for METRO NORTH.

STEADFAST and METRO NORTH are currently in dispute with respect to whether STEADFAST'S agreement to defend METRO NORTH against the claims of the plaintiff, encompasses the obligation to prosecute METRO NORTH'S third-party action for coverage against STEADFAST.

STEADFAST maintains that the prosecution of the third-party coverage action exceeds the scope of its agreement to defend; while an insurer's duty to defend an insured would include the prosecution of claims against other parties to a law suit and the insurers of those other parties, this duty does not encompass the prosecution of the insured's coverage claim against its own insurer. Indeed, it is unreasonable to expect that an insurer, under a defense obligation, would have a duty to fund a coverage claim against itself.

Presently, however, METRO NORTH'S expectation is that STEADFAST-retained defense counsel for METRO NORTH will be prosecuting the recently-commenced third-party action against STEADFAST.   Based upon the patent conflict of interest in having STEADFAST-retained attorneys prosecuting a coverage claim against STEADFAST, METRO NORTH'S current defense counsel (retained by STEADFAST) has advised METRO NORTH and METRO NORTH'S prior defense counsel that STEADFAST will not be prosecuting the third-party claim.

It is STEADFAST'S position that METRO NORTH'S prior defense counsel, who were retained by METRO NORTH, and who have withdrawn as attorneys of record in this action, must step back into the case for the purpose of prosecuting METRO NORTH'S claim for coverage against STEADFAST.

Finally, another fact relevant to STEADFAST'S instant motion pertains to the reporting requirements outlined in Condition K. of the STEADFAST policy.   METRO NORTH has not complied with the STEADFAST policy's recording requirements, which obligate METRO NORTH to furnish STEADFAST with monthly descriptions of each new Force Account Work job, and monthly status reports on all Force Account Work jobs which have been completed.

STEADFAST respectfully submits that individually, and certainly in the aggregate, METRO NORTH'S breaches of the STEADFAST policy Conditions (which are conditions precedent to METRO NORTH'S right to recover proceeds under the subject policy), entitle STEADFAST  to a declaration that METRO NORTH is not entitled to a defense or

indemnification from it with regard to the main action. STEADFAST therefore requests that the court grant its instant motion, and issue an Order dismissing the Third-Party Complaint.

                                                        KEVIN DUFFY

Sworn to before me this ____
day of May,  2004


_____
Notary Public