UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
Shakantala Schnirring,

      Plaintiff,      Civil Action
                  No.: 3:02 CV 2137 (SRU)
 - against -

Metro-North Railroad Company,

      Defendant.     May 27, 2004

 - against -

Steadfast Insurance Company,

      Third-Party Defendant.
------------------------------------------------------------X

**DEFENDANT'S MOTIONS IN LIMINE
CONCERNING PLAINTIFF'S PROPOSED EXHIBITS & TESTIMONY,
NECESSITY FOR FUTURE SURGERY/ THERAPY AND
REFERENCE TO DAMAGES TO THE JURY**

**PRELIMINARY STATEMENT**

  Defendant objects to the admissibility of the following exhibits listed by the Plaintiff in the Joint Trial Memorandum: (i) medical records, reports and films; (ii) maps and photos; (iii) anatomical models; and (iv) deposition transcripts.

  Defendant also moves *in limine* to preclude any evidence that plaintiff may require future surgery or therapy. Defendant disputes the nature, cause, severity and permanency of plaintiff's claimed injuries and plaintiff's claim that he is permanently disabled. Defendant also disputes the extent to which plaintiff's life has and will be affected by any injuries that were related

to this accident. Defendant submits this memorandum to address several evidentiary issues concerning plaintiff's witnesses, and their potential testimony, and exhibits which plaintiff may rely upon and which they wish to have the court consider prior to the commencement of trial.

## ARGUMENT

### POINT I

### PLAINTIFF'S MEDICAL RECORDS, REPORTS AND FILMS ARE HEARSAY AND INADMISSIBLE

It is well-settled that plaintiff cannot simply admit her own alleged medical records, reports and diagnostic films without demonstrating how these materials fall within an exception to the hearsay exclusion. See Fed. R. Evid. 802. Plaintiff has failed to articulate an exception to the hearsay rule and, accordingly, all exhibits concerning plaintiff's medical records, reports or diagnostic films should be precluded.

### POINT II

### PLAINTIFF'S TREATING PHYSICIANS' TESTIMONY MUST BE LIMITED TO NON-CUMULATIVE INFORMATION CONTAINED IN THEIR RECORDS AND SHOULD NOT BE BASED ON ANY INFORMATION PROVIDED TO THEM FOR THE PURPOSE OF LITIGATION

Plaintiff's Witness List advises that she plans to offer the testimony of her treating medical doctors, Dr. Gerald J. Girasole; Dr. Abraham Mintz; Dr. Pardeep Sood; Dr. Harry Engel and Dr. Steven Levin. Plaintiff has not, however, produced a proper Rule 26 (a)(2)(B) disclosure pertaining to any of these medical witnesses.

While F.R.C.P. Rule 26 does not strictly preclude treating physicians from testifying to opinions formed in the course of their treatment, they are subject to Rule 26 with respect to

opinions unrelated to their treatment. <u>Palmieri v. Celebrity Cruise Lines, Inc.</u>, 2000 WL 310341, *4 (S.D.N.Y.). The testimony of plaintiff's treating physicians must consequently be limited to information they developed through their care and treatment of plaintiff and should not be based on any information provided to them for the purpose of litigation.

Plaintiff did not provide any of the required disclosure pursuant to Rule 26(a)(2)(B), including a report concerning the opinions to be expressed by the treating physicians, the data and information considered by the witnesses in forming their opinion, the qualifications of the witnesses, and a listing of cases in which the witnesses have testified within the preceding four years.

Consequently, if any testimony of plaintiff's treating physicians is allowed, it should be limited to the non-cumulative information contained in their records.

## POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY TESTIMONY CONCERNING THE POSSIBILITY OF THE NEED FOR FUTURE SURGERY OR THERAPY, AS SUCH TESTIMONY IS IS UNSUPPORTED BY PLAINTIFF'S MEDICAL TREATMENT AND IS PURE SPECULATION

The United States Supreme Court has held that, under F.R.E. § 702, a trial court is assigned the task of ensuring that an expert's testimony consists of more than just subjective belief or unsupported speculation. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 590 113 S.Ct. 2786, 125 L.E.2d 469 (1993). Further, if an expert is permitted to testify on an issue of fact, they must provide some explanation for their conclusions, rather than referring generally to their experience. <u>Linko v. Fujitsu, Ltd.</u>, 2002 WL 1585551 (S.D.N.Y. 2002).

In <u>Yarrow v. U.S.</u>, 309 F.Supp. 922, 931 (D.C.N.Y. 1970), District Judge Levet

stated:

> The future consequence of an injury, in a personal injury action, cannot be left to the speculation and conjecture of the trier of the facts, and it has been stated that medical testimony to support a claim for permanent injuries is necessary. Testimony of physicians may be the only means of arriving at a conclusion on the length of time an existing injury will continue. In general, however, the necessity of expert testimony, to warrant submission of an issue as to permanency of an injury, depends upon whether the injury is one of an objective nature, such as the loss of an arm, leg, or other member, from which the jury may draw their conclusions as to future pain and suffering, or whether the injury is subjective and of such nature that laymen cannot with reasonable certainty know whether permanent injury will follow.

The Court further stated, "as to future pain and suffering, '* * * damages may be recovered only for such pain and suffering as it is reasonably certain will ensue-- when it is reasonably certain from the evidence that such damages will necessarily result from the original injury." Id. at *932.

It also is well settled that medical testimony concerning future damages will only satisfy the "reasonable certainty" requirement if it is non-speculative and establishes that the future care/expenses are "more likely than not (a greater than 50% chance)" to occur. See, Wood v. Day, et al., 859 F.2d 1490, 1492, 273 U.S. App. D.C. 343 (1988)(citing, Wilson v. Johns-Manville, 684 F.2d 111, 119 221 U.S. App. D.C. 337 (1982)). See also, Shuff v. Consolidated Rail Corporation, 1994 WL5482323 (N.D. Ill.). (Testimony as to future medical expenses and future damages must be as to any such expenses which are reasonably likely to occur in the future.)

In Rooney v. Apfel, 160 F.Supp.2d 454, 466 (E.D.N.Y. 2001), the Court upheld an ALJ's decision not to admit evidence of a doctor's opinion that plaintiff would require a total knee replacement in the future and noted that the ALJ had stated, "there is no evidence that the claimant currently needs more surgical intervention [as] the treating doctor only speculates a future possibility."

Similarly, the Court in <u>Calo v. Ocean Ships, Inc.</u>, 57 F.3d 159, 163 (2d Cir. 1995), vacated the jury's award, premised upon cost estimates for possible future back and knee surgeries. The Court noted that the evidence indicated that the surgery would be of uncertain value and requests for costs associated therewith were expressed in terms of speculation. Citing, <u>Calmar S.S. Corp. v. Taylor</u>, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938), the Court noted that "the Supreme Court disapproved of lump sum awards in anticipation of the continuing need of maintenance and cure for life or an indefinite period. The seaman's recovery must therefore be measured in each case by the reasonable cost of that maintenance and cure to which he is entitled at the time of trial, including, in the discretion of the court, such amounts as may be needful in the immediate future for the maintenance and cure of a kind and for a period which can be definitely ascertained."

In this case, it is anticipated that plaintiff may testify or offer testimony from her treating physicians or another doctor identified in the Joint Trial Memorandum that plaintiff may require future surgery or therapy for her alleged lumbar condition. However, none of plaintiff's treating physicians has ever indicated the necessity or possibility of future surgery or therapy, and, to date, plaintiff has never been scheduled for surgery or counseling. Further, at her deposition in February 2003, plaintiff's testimony did not include or suggest the need for future surgery or therapy.

Given the lack of evidence developed through discovery as to any need for future surgery or therapy, any testimony concerning on these matters is purely speculative and should be precluded.

## POINT IV

### THE COURT SHOULD NOT PERMIT PLAINTIFF TO ARGUE DAMAGE FIGURES TO THE JURY

The Second Circuit has made it clear that, "specifying target amounts for the jury to award

is disfavored." Consorti v. Owens Corning Fiberglass, 72 F.2d 1003 (2d Cir. 1995), rev'd on other grounds, 116 S.Ct. 2576 (1996).

Thus, any reference to a specific sum for compensation of plaintiff's alleged pain and suffering by plaintiff would be unduly prejudicial to defendant and is not permitted.

## POINT V

### THE COURT SHOULD PRECLUDE ADMISSION OF: (I) MAPS AND PHOTOS; (II) ANATOMICAL MODELS; AND (III) DEPOSITION TRANSCRIPTS AND ANY EVIDENCE THAT COULD BE INTERPRETED AS A "SUBSEQUENT REMEDIAL MEASURE"

The Plaintiff has generically listed maps and photos; anatomical models; and deposition transcripts as Trial Exhibits.

Plaintiff has not specified which "map," "photographs of accident site," "photographs of plaintiff's injury," anatomical models, or which portions of deposition testimony she wants to admit into evidence.[1] Any photographs of the accident site which post-date the incident are irrelevant and subject to exclusion under FRE 407 if they depict conditions therein that could be interpreted as a subsequent remedial measure. Such evidence is highly prejudicial to a jury as the measures undertaken by the defendant to prevent the likelihood of a similar occurrence and procedures employed by the defendant may in fact be confused and construed as proof of negligence by the defendant. Similarly, for the same reasons, the Court should preclude any testimony on this issue. E.g., Cann v. Ford Motor Company, 658 F.2d 54, 60 (2d Cir. 1981) (Fed. R. Evid. 407 "represents a common sense recognition that people are loath to take actions which increase the risk of losing a lawsuit...and is prompted by the fear that people will be less likely to take subsequent remedial

---

[1] To date, plaintiff has not provided the undersigned with any of the photos of plaintiff's injury, map of the New Haven Yard, or anatomical model that she proposes as evidence.

measures if evidence of their repairs or improvements may be used against them"); <u>In Re: Joint Eastern District and Southern District Asbestos Litigation</u>, 995 F.2d 343, 345 (2d Cir. 1993) (trial court erred in admitting evidence that defendant placed warnings on its product after plaintiff's exposure to it as these warnings were subsequent remedial measures and inadmissible). Graphic photographs which exaggerate plaintiff's injury, which the undersigned has never seen, are subject to exclusion under FRE 403 as the prejudice to defendant substantially outweighs its probative value.

Additionally, plaintiff has not demonstrated the unavailability of any of the deponents pursuant to Fed. R. Evid. 804 for whom she wants to admit deposition testimony as evidence. Even assuming *arguendo* that the transcripts are admissible, plaintiff has not designated which pages and lines of each transcript she wants admitted, contrary to the requirements of § 9 of this Court's Pre-Trial Order.

## **CONCLUSION**

The Court should preclude as trial exhibits the following: (i) medical records, reports and films; (ii) maps and photos; (iii) anatomical models; and (iv) deposition transcripts.

Additionally, if any testimony of plaintiff's treating physicians is allowed, it should be limited to the non-cumulative information contained in their records. Any testimony concerning the possibility of future surgery or therapy is purely speculative and should be precluded.

The Court should also preclude any reference to a specific sum for compensation of plaintiff's alleged pain and suffering by plaintiff.

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

_____
Brian M. Molinari (ct 21294)
Attorneys for Defendant
Metro-North Railroad Company
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent, via first class mail, postage prepaid, on May 27 2004 to plaintiff's counsel of record:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Nancy Lyness, Esq.
White Fleischner & Fino, LLP
140 Broadway
New York, NY 10005

_____
Brian M. Molinari (ct 21294)