UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Shakantala Schnirring,

     Plaintiff,

         vs.

Metro-North Railroad Company,

     Defendant.

         vs.

Steadfast Insurance Company,

     Third-Party Defendant.

Civ. Action No.
3:01 CV 2137 (SRU)

May 27, 2004

FILED
2004 MAY 28  A 9: 56
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Request No. 1
### Role of the Jury

    As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

    In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said - or what I may say in these instructions - about a fact issue evidence. In this connection, you should bear in mind

370661.1 DocsNY

that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.


Modern Federal Jury Instructions,
Ch. 71, Instruction 71-3 (Matthew Bender, 1997)

Request No. <u>2</u>

### Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

370661.1 DocsNY

Modern Federal Jury Instructions
Ch. 71, Instruction 71-4 (Matthew Bender, 1997)

Request No. <u>3</u>

### <u>Sympathy</u>

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

Modern Federal Jury Instructions
Ch. 71, Instruction 71-10 (Matthew Bender, 1997)

Request No. <u>4</u>

### <u>Parties</u>

In this case, the defendant is a railroad.  The mere fact that one of the parties is a railroad does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and railroads, big or small, are entitled to the same fair consideration as you would give any other individual party.

Modern Federal Jury Instructions
Ch. 72, Instruction 72-1 (Matthew Bender, 1997)(modified)

Request No. <u>5</u>

## Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor - that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things

about which he testified, the accuracy of his memory, his candor or lack of candor, his

intelligence, the reasonableness and probability of his testimony and its consistency or lack of

consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in

light of his or her demeanor, the explanations given and all of the other evidence in the case.

Always remember that you should use your common sense, your good judgment and your own

life experience.

Modern Federal Jury Instructions
Ch. 76, Instruction 76-1 (Matthew Bender, 1997)

Request No. <u>6</u>

**Impeachment-Inconsistent Statements or
Conduct-Falsus in Uno Falsus in Omnibus**

A witness may be discredited or impeached by contradictory evidence, or by evidence

that at some other time the witness has said or done something, or has failed to say or do

something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive

province to give the testimony of that witness such credibility, if any, as you may think it

deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter,

you have the right to discredit such witness's testimony in other particulars and you may reject all

the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because

of mistake or accident or other innocent reason.

3 Devitt, Blackmar & Wolff, Fedl. Jury
Prac. & Instr. § 73.04 (4th ed. 1987)

Request No. 7

**Interested Witness**

The plaintiff is an interested witness in this case. An interested witness is not necessarily

less believable than a disinterested witness. The fact that the plaintiff is interested in the outcome

off the case does not mean that the plaintiff has not told the truth on the witness stand. It is for

you to decide from the demeanor of the witness on the stand and such other tests as your

experience dictates whether or not the testimony has been influenced, intentionally or

unintentionally, by the plaintiff's interest. You may, if you consider it proper under all of the

circumstances, not to believe the testimony of such a witness, even though it is not otherwise

challenged or contradicted. However, you are not required to reject the testimony of such a

witness, and may accept all or such part of plaintiff's testimony as you find reliable and reject

such part as you find unworthy of acceptance.

1A New York Pattern Jury Instructions
PJI 1:91 (3d ed. 1998)

Request No. 8

**Expert Witnesses - Generally**

You have heard testimony from Dr. Kenneth M. Kramer.  An expert is allowed to express

his opinion on those matters about which he has special knowledge and training.  Expert

testimony is presented to you on the theory that someone who is experienced in the field can

assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing Dr. Kramer's testimony, you may consider his qualifications, his opinions,

his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Modern Federal Jury Instructions
Ch. 76, Instruction 76-9 (Matthew Bender, 1997)

Request No. 9

**Burden of Proof - General**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

If upon consideration of all the facts on the issue of the defendant's negligence you find that the plaintiff has failed to sustain the burden cast upon it, then you proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has sustained the burden on this issue, then you proceed to consider the issue of contributory negligence. In this regard, the burden is upon the defendant to establish the affirmative defense of contributory negligence by a preponderance of the evidence.

If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has established the essential elements of his case and that the defendant has not sustained his burden of the affirmative defense, then you proceed to consider the issue of damages.

Modern Federal Jury Instructions
Ch. 73, Instruction 73-1 (Matthew Bender, 1997)

Request No. 10

## Preponderance of the Evidence

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the defendant, as I will explain.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all

370661.1 DocsNY

witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

> 3 Devitt, Blackmar & Wolff, Fedl. Jury
> Prac. & Instr. § 85.15 (4th ed. 1987)(modified)

Request No. 11

**Negligence Required**

The plaintiff brings this action against the defendant railroad under the Federal Employers' Liability Act. The basis for holding a railroad liable under this Act must be the railroad's negligence, not the fact that the plaintiff was injured during his employment by the defendant. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a fair preponderance of the evidence. The railroad is not the guarantor of the safety of its employees while they are on duty.

> Consolidated Rail Corp. v. Gottshall,
> 512 U.S. 532, 543 (1994)

> Modern Federal Jury Instructions
> Ch. 89, Instructions 89-1, 89-8 (Matthew Bender, 1997)(modified)

Request No. 12

**Negligence Defined**

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would have done under the circumstances.

> Modern Federal Jury Instructions
> Ch. 89, Instruction 89-9 (Matthew Bender, 1997)

370661.1 DocsNY

Request No. <u>13</u>

## **"Ordinary Care" - Defined**

"Ordinary care" is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.04 (4th ed. 1987)

Request No. <u>14</u>

## **Duty To Guard Against Foreseeable Risks**

This definition of negligence requires the defendant to guard against those risks or dangers which it knew or by the exercise of due care should have know.  In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

This means that the railroad may not be held liable on the basis of hindsight, that is, knowledge that it had after the incident; whether it exercised reasonable care must be determined in light of the circumstances that existed up to the time of the incident.

Modern Federal Jury Instructions, Ch. 89,
Instruction 89-10 (Matthew Bender, 1997)(modified)

See <u>Gallick v. Baltimore & Ohio R. Co.</u>,
372 U.S.  108, 117 (1963)

Request No. <u>15</u>

**<u>Inference From Fact of Accident Alone</u>**

The mere fact that an accident happened, standing alone, does not, unless otherwise expressly stated, permit the jury to draw the inference that the accident was caused by anyone's negligence.

3 Devitt, Blackman & Wolf, Fedl. Jury Prac.
& Instr. § 94.06 (4th ed. 1987)


Request No. <u>16</u>

**<u>Railroad Not Bound To
Anticipate Any Possible Accident</u>**

The law does not require that the railroad anticipate every possible accident.

<u>Brady v. United States</u>, 320 U.S. 476, 483(1943).


Request No. <u>17</u>

**<u>Defendant Owes No Higher Degree of Care</u>**

Defendant owed plaintiff no duty to exercise a higher degree of care for his safety than plaintiff owed to himself.


<u>Lindell v. Burlington Northern R. Co.</u>, 1989
WL 145385, *4 (9th Cir. 1989) (unpublished affirmance)


370661.1 DocsNY

Request No. <u>18</u>

## **No Duty To Anticipate Plaintiff's Negligence**

Defendant cannot be charged with negligence in this case by failing to anticipate a lack of

due care on the part of the plaintiff.

<u>Atlantic Coast Line R.R. v. Dixon</u>,
189 F.2d 525, 527, (5th Cir.),
<u>cert. denied</u>, 342 U.S. 830 (1951)

<u>McGivern v. Northern Pac. Ry. Co.</u>,
132 F.2d 213, 217 (8th 1942)

<u>Kurn v. Stanfield</u>, 111 F.2d 469,
473 (8th Cir. 1940)

<u>Eversole v. Consolidated Rail Corp.</u>,
551 N.E. 2d 846, 851 (Ct. App. Ind. 1990)

<u>Isgett v. Seaboard Coast Line R. Co.</u>,
332 F.Supp 1127, 1139 (D.S.C. 1971)

Request No. <u>19</u>

## **Safest Tools or Methods Not Required**

The railroad is not required to provide the employee with the latest, best or most perfect

tools or methods in the workplace, and the fact that there may be a safer alternative is of no

significance where the tools or methods are not inherently unsafe. The test is simply whether or

not the railroad has exercised reasonable care to make the workplace reasonably safe.

<u>Taylor v. Illinois Cent. R. Co.</u>
8 F.3d 584, 586 (7th Cir. 1993

<u>Stillman v. Norfolk & W. Ry. Co.</u>
811 F.2d 834, 837 (4th Cir. 1987)

<u>Soto v. Southern Pacific Transp. Co.</u>,
644 F.2d 1147, 1148 (5th Cir. 1981),
<u>cert</u> <u>denied</u>, 454 U.S. 969 (1981);

<u>Chicago Rock Island Pac. R. Co. v. Lint</u>,
217 F.2d 279, 282 (8th Cir. 1954);

<u>Atlantic Coast Line R.R. v. Dixon</u>, 189
F.2d 525, 527 (5th Cir. 1951),
<u>cert</u> <u>denied</u>, 342 U.S. 830 (1951);

<u>Seymour v. Illinois Cent. R. Co.</u>,
25 F.Supp.2d 734, 738 (S.D. Miss. 1997) <u>aff'd</u>,
154 F.3d 418 (5th Cir. 1998)

<u>Plunck v. Illinois Central R. Co.</u>, 1998 W.L.
227772 at *16 (Tenn. Ct. App. 1998).


Request No. <u>20</u>

**<u>The Causation Element of Plaintiff's Claim</u>**

In addition to establishing, by a fair preponderance of the evidence, that the defendant

was negligent in one or more of the particulars alleged, plaintiff must also establish by a fair

preponderance of the evidence that an injury to the plaintiff resulted in whole or in part from the

negligence of the railroad. In other words, did the defendant's negligence play a part in bringing

about an injury to the plaintiff.


3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.12 (4th ed. 1987)(modified)

Modern Federal Jury Instructions,
Ch. 89, Instruction 89-22 (Matthew Bender, 1997)(modified)

45 U.S.C. § 51

Request No. _21_

## **Proximate Cause Defined**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damages was either a direct result or reasonably probable consequence of the act or omission.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 80.18 (4th ed. 1987)(modified).

Request No. _22_

## **Damages-Must Have Been Caused In Whole**
## **or Part By Accident**

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was caused, in whole or part, by the accident in question.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 85.15 (4th ed. 1987)(modified)

370661.1 DocsNY

Request No. 23

## Contributory Negligence - Definition

In addition to denying that any negligence of the defendant caused any injury or damage to the plaintiff, the defendant alleges, as a further defense, that some contributory negligence on the part of the plaintiff was a cause of any injuries and consequent damages plaintiff may have sustained. Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, the defendant in effect alleges that, even though the defendant may have been guilty of some negligent act or omission which was one of the causes, the plaintiff by failing to use ordinary care under the circumstances for plaintiff's safety, at the time and place in question, also contributed one of the causes of any injuries and damages plaintiff may have suffered.

The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff was also at fault, and that such fault contributed one of the causes of any injuries and consequent damages plaintiff may have sustained.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.16 (4th ed. 1987)

370661.1 DocsNY

Request No. <u>24</u>

### Same Standards for Negligence
### and Contributory Negligence

To determine whether the plaintiff was "contributorily negligent," you apply the same definition of negligence discussed earlier, that is, did the plaintiff take, or fail to take, actions which a reasonably prudent person would have taken in the circumstances.  You also apply the same rule of causation, that is, did the plaintiff's negligence, if any, play a part in bringing about his injuries.  Your determination should be based on a preponderance of the evidence.

Modern Federal Jury Instructions
Ch. 89, Instruction 89-24 (Matthew Bender, 1997).

Request No. <u>25</u>

### **Comparative Negligence**

So if you should find, from a preponderance of the evidence in the case, that the defendant was guilty of negligence which caused, in whole or in part, any injury or damage to the plaintiff; and you should further find, from a preponderance of the evidence in the case, that the plaintiff himself was guilty of some contributory negligence which contributed toward bringing about all or part of his own injury; then the total award of damages to the plaintiff must be reduced by an amount equal to the percentage of fault or contributory negligence chargeable to the plaintiff.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.18 (4th ed. 1987)

370661.1 DocsNY

Request No. 26

## Comparative Fault -
## Apportionment of Fault Among Parties

If you find that defendant's negligence caused or contributed to plaintiff's injury, you must assess a percentage of fault to each such party that you find caused or contributed to cause plaintiff's injury. You will do that by indicating, on the special verdict form, what percentage of the fault, if any, of plaintiff's injury is attributable to defendant.

If you find that plaintiff's own negligence caused or contributed to cause his own injury, you must assess a percentage of fault as to the plaintiff. You will do this by indicating the percentage of plaintiff's negligence, if any, on the special verdict form. The total of all such fault or negligence should be one hundred percent.

If you assess a percentage of fault to defendant, then, disregarding any fault on the part of the plaintiff, you must determine the total amount of plaintiff's damages to be such sum as will fairly and justly compensate plaintiff for any damages you believe he has sustained (and is reasonably certain to sustain in the future) as a direct result of the occurrence mentioned in the evidence. You must state such total amount of plaintiff's damages in your verdict.

In determining the total amount of plaintiff's damages you must not reduce such damages by any percentage of fault you may assess to the plaintiff. The court will compute plaintiff's recovery, if any, on the basis of the percentages of fault that you assess.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 80.29 (4th ed. 1987)

Request No. <u>27</u>

## **Contributory Negligence-Cautionary**

On the other hand, if you should find: (1) that the defendant was not negligent; or (2) that the defendant was negligence, but this negligence was not a cause of injury or damage sustained by the plaintiff, then your verdict should be for the defendant.

3 Devitt, Blackmar & Wolff, Fedl. Jury
Prac. & Instr. § 94.19 (4th ed. 1987)

Request No. <u>28</u>

## **Plaintiff's Violation of Safety Rule**

A plaintiff's violation of a railroad's safety or operating rule is evidence of contributory negligence by the plaintiff.

<u>Flanigan v. Burlington Northern, Inc.</u>,
632 F.2d 880, 883 (8th Cir. 1980);

<u>Teers v. Chicago, South Shore & South Bend R.</u>,
238 F.2d 223, 226 (7th Cir. 1956);

<u>Uhrhan v. Union Pac. R. Co.</u>,
617 N.E.2d 1182,1187 (Ill. Sup. Ct. 1993);

<u>Hancock v. Norfolk & W.Ry. Co.</u>,
529 N.E.2d 937, 941 (Ct. App. Ohio 1987);

<u>Wehrli v. Wabash R.R. Co.</u>, 315 S.W.2d 765,
775 (Mo. 1958), cert. denied, 358 U.S. 932 (1959)

Request No.  <u>29</u>

**Duty of Plaintiff Regarding**
**<u>Choice of Way To Perform Work</u>**

You are instructed that if the plaintiff had a choice of ways to perform the activity in which he was engaged at the time of the incident in question one way involving danger and risk of injury to himself and another way that was safe or less dangerous and he voluntarily chose the unsafe or more dangerous way, then you may find that plaintiff was negligent, if the risk of injury was obvious and such as a man or ordinary care would have avoided.

<u>Jackson v. Illinois Ry.</u>,
224 F.2d 76, 77 (7th Cir. 1955)

<u>Wadiak v. Illinois Cent. R.R.</u>
208 F.2d 925, 930 (7th Cir. 1953)

<u>Eversole v. Consolidated Rail Corp.</u>,
551 NE 2d 846, 851-852 and n.2
(Ct. App. Ind. 1990).

Request No.  <u>30</u>

**<u>Comparative Negligence-Examine All the Evidence</u>**

In determining whether defendant has satisfied its burden of proving the plaintiff's own negligence in this matter, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

<u>See</u> 3 Devitt, Blackmar & Wolf, Fedl. Jury Prac.
& Instr. § 85.15 (4th ed. 1987)
(final paragraph)

370661.1 DocsNY

Request No. <u>31</u>

## Issues to Be Determined

In summary, the liability issues to be determined by the jury in this case are these:

First:   Was the defendant negligent in one or more of the particulars alleged?

If your answer to that question is "No", you will return a verdict for the defendant; but if your answer is "Yes", you then have a second issue to determine namely:

Second:        Did the negligence of the defendant cause or contribute to any injury and damage to the plaintiff?

If your answer to the question is "No", you will return a verdict for the defendant; but if your answer is "Yes", you must then find the answer to a third question, namely:

Third:  Was the plaintiff guilty of some contributory negligence?

If you should find that he was not, then, having found in plaintiff's favor in answer to the first two questions, you will proceed to determine the amount of plaintiff's damages and return a verdict in the plaintiff's favor for that amount.

On the other hand, if you should find, from a preponderance of the evidence in the case, that the plaintiff himself was guilty of some contributory negligence, and that plaintiff's fault caused or contributed to any injuries which plaintiff may have sustained, then you must compare the negligence of the parties, and return a verdict in favor of the plaintiff for a reduced amount, based upon the comparison.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.20 (4th ed. 1987)

370661.1 DocsNY

Request No. <u>32</u>

## **Consider Damages Only If Necessary**

You reach the issue of damages only if you find that the plaintiff has established all of the elements of liability, as I have explained them, by a fair preponderance of the evidence.

However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability and I am instructing you on damages only so that you will have guidance should you decide that plaintiff has sustained his burden of proof as to all the elements of liability.

<u>See</u> Modern Federal Jury Instructions Ch. 77,
Instruction 77-1, Ch. 89, Instruction 89-27
(Matthew Bender, 1997)(modified).


Request No. <u>33</u>

## **Compensatory Damages Not Guesswork**

If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

Modern Fedl. Jury Instr., Ch. 77,
Instruction 77-3 (Matthew Bender 1997)
(third paragraph)(modified)

370661.1 DocsNY

Request No. <u>34</u>

### **Damages-Reasonable-Not Speculative**

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, resulted in whole or in part from the negligence of the defendant.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 85.14 (4th ed. 1987)(modified)

45 U.S.C. § 51

Request No. <u>35</u>

### **Elements of Damages**

If you find that defendant is liable on the plaintiff's claim of liability, then you should consider the following, and only the following elements of damage, each of which must be proved by plaintiff by a fair preponderance of the evidence:

[List only relevant elements of damage]

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr.§ 85.01 (4th ed. 1987)(modified)

Request No. <u>36</u>

## **Injury Must Be Caused By Negligence**

Plaintiff is not entitled to recover damages for an injury or condition that is separate and distinct from the injury alleged to have resulted from the incident in question. You are instructed that the defendant is liable only if and to the extent that all or part of the injury for which plaintiff seeks recovery in this action was caused by the defendant's negligence.

<u>See</u> Mod. Fed. Jury Instr., p. 89-59
(Matthew Bender 1997)(modified from suggested
Eighth Circuit instruction quoted in Comment).

Request No. <u>37</u>

## **Damages-Duty to Mitigate**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of any such injuries and to effect a recovery from those injuries.

3 Devitt, Blackmar & Wolff Fed. Jury Prac.
& Instr. § 85.13 (4th ed. 1987).

Request No. <u>38</u>

## **Damage Award Is Not Taxable**

If you make any award of damages, the award will not be subject to any income taxes and you should not consider such taxes in fixing the amount of the damages awarded, if any.

Norfolk & Western Ry. Co. v. Liepelt,
444 U.S. 490, 492, 496-498 (1980).

See Mod. Fed. Jury Instr. Ch. 89
Instruction 89-36 (Matthew Bender 1997).

Request No. 39

**Damages-Lost Income-Net Earnings**

If you find by a fair preponderance of the evidence that plaintiff is entitled to recover for

lost earnings, whether in the past or the future, you should calculate any past or future loss of

earnings on the basis of plaintiff's net income, that is, the earnings that would be left to the

plaintiff after deduction of all income taxes.

Norfolk & Western Ry. Co. v. Liepelt,
444 U.S. 490, 496-498 (1980)

Fanetti v. Hellenic Lines, Ltd.,
678 F.2d 424,431-432 (2d Cir. 1982),
cert. denied, 463 U.S. 1206 (1983)

Kurowski v. United States, 660 F. Supp.
442, 454 (S.D.N.Y. 1987)

Nagi v. Sea-Land Service, Inc.,
1988 WL 125685,*7 (S.D.N.Y. 1988).

Request No. 40

**Damages-Award For Future Elements-Present Value**

If the jury should find that the plaintiff is entitled to a verdict, and further find that the

evidence in the case establishes a reasonable likelihood of future damages, then it becomes the

duty of the jury to ascertain the present worth in dollars of any such future damages, since the

award of future damages necessarily requires that payment be made now for a loss that will not

actually be sustained until some future date.

Under these circumstances, the result is that the plaintiff will in effect be reimbursed in advance of the loss, and so will have the use of money which plaintiff would not have received until some future date, but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump sum payment of anticipated future loss, take (1) the interest rate or return which the plaintiff could reasonably be expected to receive on an investment of the lump sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from the total amount of anticipated future loss whatever the amount would be reasonably certain to earn or return if invested at such rate of interest over such future period of time; and include in the verdict an award for only the present-worth - the reduced amount - of the total anticipated future loss.

This computation is readily made by using the so-called "present worth" tables, which the Court had judicially noticed and received in evidence in this case.

Devitt, Blackmar & Wolff, Fedl. Jury
Prac. & Instr. § 85.11 (4th ed. 1987)

De Chico v. Metro North Commuter R.R.,
758 F.2d 856 (2d Cir. 1985).

Request No.  41

**Duty Imposed by Federal Employers' Liability Act**

The Federal Employers' Liability Act under which the plaintiff claims the right to recover damages in this action, provides in part that:

Every common carrier by railroad while engaging in commerce

between any of the several States . . . shall be liable in damages to any person suffering injury while it is employed by such carrier in such commerce, . . . for such . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. . . ."

It is agreed that, at the time and place alleged by plaintiff, the defendant was a common carrier by railroad, engaged in interstate commence; that the plaintiff was then an employee of the defendant railroad, engaged in such commerce; and that the plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.09 (4th ed. 1987)

Request No.  42

**Duty of Employer as to Place of Work**

It was the continuing duty of the defendant, as an employer, at the time and place in question, to use ordinary care under the circumstances, in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.  This does not mean, of course, that the employer is a guarantor of the safety of the place to work.  The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the place in which the work is to be performed is reasonably safe, under the circumstances shown by the evidence in the case.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.10 (4th ed. 1987).

Request No. <u>43</u>

## **Notice to Defendant**

Before you may find the defendant liable for the injury to the plaintiff resulting from a defective condition, you must be satisfied that the railroad had either actual or constructive notice of the defective condition and that it had a reasonable opportunity to remove or remedy the condition before the incident that is the subject of this action.

Actual notice of a condition is said to exist when one has direct information of the condition. Constructive notice of a condition is said to exist when the condition is plainly visible or has existed long enough that by the use of reasonable care it should have been discovered. The legal effect of constructive notice is the same as actual notice.

To find that the defendant had notice, either actual or constructive, of a defective condition, you must be satisfied that the notice was received by an employee who was authorized to repair or remedy such condition, or by an employee having a duty to report such condition to one in authority, or by a person who, in a reasonable delegation of responsibility, ought to have had that authority or duty.

See <u>Hartel v. Long Island Railroad Co.</u>, 356 F.Supp 1192
(S.D.N.Y. 1972), <u>aff'd</u> 476 F.2d 462 (2d Cir. 1972),
<u>cert. denied</u> 414 U.S. 980, 94 S. Ct. 273 (1973)

<u>Gallose v. Long Island Railroad</u>, 878 F.2d 80 (2d Cir. 1989)

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD

By: _____

Brian M. Molinari (ct21294)
Attorneys for Defendant
Metro-North Railroad Company
120 Broadway - 27th Floor
New York, NY  10271-0079
(212) 238-4800

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent, via first class mail, postage prepaid, on May 27 2004 to plaintiff's counsel of record:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Nancy Lyness, Esq.
White Fleischner & Fino, LLP
140 Broadway
New York, NY 10005

_____

Brian M. Molinari (ct 21294)

