UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

SHAKUNTALA SCHNIRRING,                                CIVIL ACTION

      Plaintiff                                           NO. 3:01CV02137 (SRU)

VS.

METRO-NORTH RAILROAD COMPANY,

      Defendant/Third-Party Plaintiff

VS.

STEADFAST INSURANCE COMPANY,                          MAY 28, 2004

      Third-Party Defendant
_____X


## JOINT TRIAL MEMORANDUM


1.      **TRIAL COUNSEL**:

      George J. Cahill, Jr., Esq.
      Scott E. Perry, Esq.
      CAHILL & GOETSCH, P.C.
      Attorneys for Plaintiff
      43 Trumbull Street
      New Haven, Connecticut  06511
      (203) 777-1000

      Cathleen Giannetta, Esq.[1]
      Brian M. Molinari, Esq.
      LANDMAN CORSI BALLAINE & FORD, P.C.
      Attorneys for Defendant/Third-Party Plaintiff
      120 Broadway – 27th Floor
      New York, New York  10271-0079
      (212) 238-4800

---

[1] Appearing as counsel for Metro-North as <u>Defendant only</u>; and not as attorneys for M/N as a third-party plaintiff.

Nancy Lyness, Esq.
WHITE FLEISCHNER & FINO, LLP
Attorneys for Third-Party Defendant
140 Broadway – 36th Floor
New York, New York  10005
(212) 487-9700

2.     **JURISDICTION**:  This Court has subject matter jurisdiction in this case pursuant

to the Federal Employers' Liability Act, 45 U.S.C. § 51 and 28 U.S.C. § 1331.  Venue properly

lies in this Court pursuant to 45 U.S.C. § 56.

3.     **JURY/NON-JURY**:  This is a jury case.

4.     **LENGTH OF TRIAL:**
        The parties expect the trial will last four to six days.

5.     **FURTHER PROCEEDINGS:**
        Possible oral argument on Steadfast's Motion To Dismiss.

6.     **NATURE OF CASE**:

**(a) Plaintiff**

Pursuant to the FELA, 45 U.S.C. Section 51 *et seq*., the plaintiff brings this action

for damages against the defendant Railroad for personal injuries suffered by her while

in the employ of the defendant Railroad.  The plaintiff asserts that her injuries were

caused in whole or in part by the negligence of the defendant Railroad.

The plaintiff claims damages for past and future lost earnings and benefits, past and

future pain, suffering and mental anguish and medical expenses.

**(b) Metro-North**

Defendant claims the following defenses to plaintiff's cause of action under the

FELA: the complaint fails to state a cause of action under the FELA as a matter of law;

plaintiff solely caused any alleged injuries as the result of her own carelessness and negligence; defendant was not negligent in any way; defendant had no notice, actual or constructive, of any dangerous condition in plaintiff's place of work; plaintiff cannot prove that a dangerous condition existed at her place of work; defendant in fact provided plaintiff with a safe working environment; there was no unreasonably dangerous or defective condition in plaintiff's place of work; plaintiff's alleged damages and injuries and damages are not causally related to the subject incident; and plaintiff failed to mitigate her alleged damages.

### (c) Steadfast

Last February, Metro North commenced a third-party action for declaratory relief against Steadfast, its insurer under a Force Account Work policy of insurance.  The Third-Party Action seeks a declaration that Metro North is entitled to a defense and indemnification from Steadfast with regard to the main liability action commenced by the plaintiff.  Steadfast has agreed to assume the defense of Metro North pending the resolution of the third-party action, but maintains it is not obligated to defend or indemnify Metro North against the plaintiff's claims, on account of Metro North's material breach of multiple conditions precedent to coverage, including.  The most significant of these breaches are Metro North's violations of the policy's Notice of Accident, Notice of Claim and Notice of Suit Conditions.

Based upon its coverage defenses, Steadfast recently served and filed a motion to dismiss Metro North's Third-Party Complaint.  The motion is currently pending before the court, and seeks the alternative relief of severance of the third-party coverage action from the main action, in the event the court denies the dismissal prong of the motion.

7.    **TRIAL BY MAGISTRATE JUDGE:**

The parties do not agree to trial before a Magistrate Judge.

8(a)   **WITNESSES THE PLAINTIFF INTENDS TO CALL**

**Shakuntala Schnirring** 51 Southwind Lane, #D, Milford, Connecticut  06460, will testify about the circumstances and events surrounding her November 21, 1998 accident. She will also testify about the duties and earnings of a Metro-North Car Cleaner Foreman and Car Cleaner.  She will also testify about medical expenses, the medical treatment she received, her rehabilitation efforts, the pain and suffering she endured and continues to endure, her loss of enjoyment of life's activities, and her lost wages, and benefits including overtime wages.  (3-4 hours direct testimony).

**Scott Mongillo**, Metro-North Employee, address unknown is expected to testify about the facts and circumstances surrounding the accident.  (1/2 hour direct)

**Kim Dash**, Metro-North Employee, address unknown is expected to testify about the facts and circumstances surrounding the accident.  (1/2 hour direct)

**Mike Brendline,** Metro-North employee of 63 South Street, West Haven CT is expected to testify about the facts and circumstances surrounding the accident including prior occasions of the Cushman cart getting stuck crossing the tracks. (1/2 hour direct)

**Maximo Lopez**, Metro-North's General Foreman, of 811 North High St., East Haven, CT 06512, is expected to testify about the facts and circumstances surrounding the accident, the New Haven Yard and portions of his deposition testimony.  (1 hour direct)

**Genevieve Mundy,** Metro-North Claim Agent, of an unknown address is expected to testify about her investigation of the accident. (1 hour direct)

4

**Dr. Gerald J. Girasole**, of 2499 Main Street, Stratford, CT 06415, is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, surgery, and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, disability, future medical treatment, and causation. (2 hour direct)

**Dr. Abraham Mintz**, of 340 Capitol Ave., Bridgeport, CT 06606, is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, surgery, and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, disability, future medical treatment, and causation. (1 hour direct)

**Dr. Harry Engel,** of 57 Cherry St., Milford, CT 06460 is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, surgery, and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, disability, future medical treatment, and causation. (2 hour direct)

### 8(b)  WITNESSES THE PLAINTIFF MAY CALL

**Dr. Pardeep Sood** of 3715 Main Street, Suite 201, Bridgeport, CT 06606 is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, surgery, and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, disability, future medical treatment, and causation. (1 hour direct)

**Dr. Steven Levin**, 60 Temple St., Suite 4D, New Haven, CT 06510, is one of the plaintiff's treating doctors and is expected to testify regarding his diagnosis, examinations, surgery, and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, disability, future medical treatment, and causation. (1 hour direct)

**John Hogan**, Metro-North's Facility Director, address unknown is expected to testify about the facts and circumstances surrounding the accident, the New Haven Yard and portions of his deposition testimony.  (1 hour direct)

**Ann M. Finegan**, Metro-North's Former Asst. Medical Director of 260 North Regent St., Portchester, NY is expected to testify about her course of treatment of the plaintiff, the work restrictions placed on the plaintiff, the practices of the Medical Department and portions of her deposition testimony.

**Ingrid Voigt**, Metro-North's Physician Assistant, of an unknown address is expected to testify about her course of treatment of the plaintiff and the practices of the Medical Department.

**Linda Kenwood**, Metro-North's Employee Abilities Specialist is expected to testify about the plaintiff's efforts to return to work with reasonable accommodations at her Foreman position and Metro-North's failure to allow the plaintiff to return to work with reasonable accommodations.

**Dr. Goutos**, Metro-North Medical Doctor, of an unknown address to testify about his examinations of the plaintiff and assessment of the plaintiff's ability to perform her Foreman job.

**Metro-North Union Representative** A Union representative is expected to testify regarding plaintiff's rate of pay, lost overtime calculations, benefits, work, and safety rules.

**Member of Metro-North's Benefits Department**, to testify about the plaintiff's rate of pay and benefits, including matching pension contributions and vacation pay. (Only if the defendant refuses to stipulate re: same).

*Plaintiff reserves the right to call any witnesses identified by defendant.*

*Plaintiff reserves the right to call additional witnesses for purposes of rebuttal or impeachment.*

### 8(c) WITNESSES METRO-NORTH INTENDS TO CALL

All witnesses listed by plaintiff without waiving appropriate objections.

All necessary impeachment witnesses.

All necessary foundation witnesses.

All necessary rebuttal witnesses.

**Maximo Lopez, retired Metro- North Employee**

Mr. Lopez is expected to testify about his knowledge and/or investigation of the subject incident.

**Scott Mongillo, Metro-North Employee**

Mr. Mongillo is expected to testify about the facts and circumstances of the subject incident.

**Kim Dash, Metro-North Employee**

Ms. Dash is expected to testify about the facts and circumstances of the subject incident.

**John Hogan, Metro-North Employee**

Mr. Hogan is expected to testify about the condition, layout and activities at the New Haven yard at the time of the subject incident.

**James O. Donaldson, M.D., UCONN School of Medicine, Dept. of Neurology**

Dr. Donaldson is expected to testify in accordance with his written report disclosed pursuant to Fed. R. Civ. P. 26 (a) (2).

**8(d) <u>Witnesses Metro-North May Call</u>**

**Dr. Ann Marie Finegan, former Metro-North Assistant Medical Director**

Dr. Finegan is expected to testify regarding her examinations of the plaintiff.

Defendant reserves the right to call any or all of plaintiff's treating doctors from 1990 to

the present including but not limited to Dr. Thelma Baciancila, Milford, CT; Dr. Daniel

Alkaitis of Associated Neurologists of Southern Connecticut, P.C.; Dr. Tedd L. Weisman

and Dr. Richard Blum of The Orthopedic Group of Milford-Orange, P.C.; Dr.

Zinglemann, D.C., Orange CT and Dr. John W. O'Brien, M.D. who are expected to

testify about plaintiff's pre-accident back condition.  A representative of Aegis

International Incorporated, P.O. Box 821, Windsor CT to testify about surveillance

observations of the plaintiff.

**8(e) <u>WITNESSES STEADFAST INTENDS TO CALL:</u>**

Kevin Duffy, Claim Case Manager for Steadfast Insurance Company, is expected to testify concerning the Force Account Work policy of insurance Steadfast issued to Metro North, the communications he had with Metro North prior to Steadfast's agreement to assume Metro North's defense, and the prejudice Steadfast has sustained as a consequence of  Metro North's delays in notifying Steadfast of the accident, the plaintiff's claim against Metro North, and the instant law suit which arises out of that claim.

Genevieve Mundy, Metro North Claim Agent, address unknown, is expected to testify about her investigation of the accident.

John Hogan, Metro North's Facility Director, address unknown, is expected to testify about the facts and circumstances concerning Metro North's awareness of the plaintiff's accident, the investigative measures taken to ascertain its cause and location, and the measures taken to rectify the condition which caused a Cushman cart to become lodged in the train tracks of the New Haven train yard.

Mr. G.R. Butt, Metro North CMO, address unknown, is expected to testify concerning Metro North's awareness of the plaintiff's accident, the investigative measures taken to ascertain its cause and location, and the measures taken to rectify

the condition which caused a Cushman cart to become lodged in the train tracks of the New Haven train yard.

### 9. DEPOSITION TESTIMONY:

At this time, the parties believe all witnesses will be available to testify at trial, but reserve the right to read deposition testimony if witnesses are not available and also any parts of defendant witness depositions pursuant to F.R.Civ.P 32(a)(1)(2), and (4).

### 10(a) Exhibits Plaintiff Intends To Offer:

1. Photographs of Accident Site and Cushman Cart

2. Map of New Haven Yard, or overhead photograph

3. CT Open MRI Report and/or film, 1/11/99

4. Milford Hospital Operative Report, 1/21/99

5. Photograph of Plaintiff's Injury

6. Memo to S. Ishmael From John Hogan, 12/16/99

7. Metro-North MD-40, 6/2/99

8. Ingrid Voigt, RPA-C Progress Note, 7/8/99

9. CT Open MRI Report and/or film, 7/21/99

10. CT Open MRI Report and/or film, 7/27/00

11. St. Vincent's Medical Center Operative Reports, 8/1/02

12. Model of Human Spine

13. Metro-North's Response to at least one Interrogatory dated September 29, 2003

14. Medical Bills for Plaintiff's Treatment from January 1999 to the present and/or Medical Bill Summary

15. Portions of John Hogan's April 14, 2003 Deposition Transcript

16. Portions of Maximo Lopez's April 14, 2003 Deposition Transcript

17. Portions of Ann Marie Finegan's April 25, 2003 Deposition Transcript

### 10(b) Exhibits Plaintiff May Offer

18. Portions of Maximo Lopez's 6/18/99 Recorded Statement

19. Metro-North MD-40s from 6/2/99 through the present

20. Hardware of same type and nature located in plaintiff's back

*Plaintiff reserves the right to introduce any exhibits identified by defendant, and reserves the right to use additional exhibits for purposes of rebuttal or impeachment*

### 10(c) Exhibits Metro-North Intends To Offer

101. All exhibits listed by plaintiff without waiving appropriate objections.

102. All exhibits necessary for impeachment and rebuttal.

103. Photographs of the accident site.

104. 1991 - July 1998 Treatment Notes of Dr. Thelma Batiancila, M.D. 75 New Haven Avenue, Milford, CT., which reference plaintiff's recurring complaints of back pain/ lumbago.

105. January 7, 1992 Report of Dr. Daniel Alkaitis, M.D.

106. January 20, 1992 Electromyography Study Report by Dr. Daniel Alkaitis, M.D.

107. June 2, 1994 MRI Lumbar Spine Report, Milford Hospital, Report by Ilan Kinori, M.D.

108. June 28, 1994 Report of Dr. Harry P. Engel, M.D., Milford, CT

109. August 15, 1996 MRI Thoracic Spine Report, Diagnostic Imaging of Milford, Report by Laurel Lovits, M.D.

110. January 9, 1998 Report of Dr. Tedd L. Weisman, M.D.

111. Treatment Notes of Dr. Tedd Weisman, 1996 - 1998

112. Records of Dr. Richard Blum, Orthopedist

113. Records of Dr. Zinglemann, D.C.

114. Sept 25, 1996; Dec. 2, 1996 Records of Shoreline Physical Therapy and Sports Medicine, Milford CT

115. Nov. 7, 1996; Dec. 3, 1996 Reports of Dr. John W. O'Brien, M.D., Physical Medicine & Rehabilitation Associates, New Haven CT

116. Plaintiff's Metro-North Personnel and Departmental Personnel Files

117. Metro-North Safety Department File

118. Metro-North Medical Department File

119. July 20, 1999 Supervisor's Injury Report

120. Metro-North Safety Rules

**10(d) Exhibits Metro-North May Offer**

121. Plaintiff's Medical/Health Insurance Claim forms and history.

122. Any and all pre-incident medical records concerning plaintiff's back.

123. Plaintiff's Disciplinary Record with Metro-North

124. Surveillance Reports and Videos of the Plaintiff

**10(e)  Exhibits Steadfast Will Offer**

201.   Steadfast Force Account Work Insurance Policy # SCC 3648182-00

202.  December 1999 handwritten statement given by the plaintiff to Metro North's John Hogan, ADMO.

203.  December 16, 1999 letter from Metro North to the plaintiff concerning her claim of back injury.

204.  March 11, 2003 tender letter from Metro North to Steadfast.

**10(f)  Exhibits Steadfast May Offer**

203. The Third-Party pleadings

11.    **ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE:**

**(a) Plaintiff**

The plaintiff filed two motions *in limine*. The first seeks to preclude evidence of unrelated disciplinary proceedings taken against the plaintiff and the other motion concerns the inadmissibility of collateral sources such as Railroad Retirement Benefits received by the plaintiff. Additionally, the plaintiff filed a trial brief that addresses the FELA and the admissibility of medical bills.

**(b) Metro-North**

Metro-North filed motions *in limine* concerning certain of plaintiff's proposed trial exhibits, testimony by plaintiff's treating physicians, testimony concerning plaintiff's future medical care, evidence of subsequent remedial measures, and plaintiff's arguments of damage figures to the jury.

**(c) Steadfast**

In the event the Court has not resolved, prior to trial, Steadfast's motion to dismiss the Third-Party Complaint, or alternatively, to sever the Third-Party action from the main action in the event dismissal is denied, Steadfast will seek the requested relief by motion *in limine,* prior to the commencement of the trial proceedings.

**12(a)    STIPULATIONS OF FACT AND LAW BETWEEN PLAINTIFF AND METRO-NORTH**

The defendant, Metro-North, is a railroad corporation duly established by law, and having a usual place of business in New Haven, Connecticut.

The defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

At the time the plaintiff received the injuries complained of she was employed by the defendant Railroad.

At the time the plaintiff received the injuries complained of the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

The plaintiff's total medical bills pertaining to treatment for her alleged injuries are $105,279.[2]

### 12(b)  PROPOSED[3] STIPULATIONS OF FACT AND LAW BETWEEN METRO-NORTH AND STEADFAST

The third-party defendant, Steadfast Insurance Company, is an insurer duly established under law. At the time of the accident involving the plaintiff, as well as on the date Ms. Schnirring commenced this action, Metro North was insured under a Force Account Work policy of insurance issued by Steadfast to Amtrak.

Subject to its terms and conditions, the policy's insuring agreement obligates Steadfast to defend and indemnify Metro North for bodily injury claims "arising out of or resulting from the Force Account Work conducted by the Named Insured."

The Conditions section of the policy requires the insured, upon becoming aware of an accident on the premises, to, *inter alia*,  notify Steadfast of the accident, and provide it with "sufficient information to identify the insured and reasonably obtainable information as of the date, time, place and circumstances of the Accident and a description of any injuries or damage."
Furthermore, in the event of a Claim or Suit, the policy requires the insured to "immediately" send Steadfast a copy of any legal papers received in conjunction

---

[2] Metro-North reserves the right to contest this amount prior to and during trial, and does not concede that any of plaintiff's treatment for her alleged injuries was reasonably medically necessary or causally related to the incident of November 21, 1998.
[3] Metro-North's counsel in this case are not representing Metro-North in the third-party action.  Therefore, Metro-North has not yet responded to the proposed stipulations.

with the claim or suit, and, as soon as practicable, to provide Steadfast with the following information, in writing:

(a) how, when and where the Accident took place;
(b) the names and addresses of any injured person and witnesses; and
(c) the nature and location of any injury or damage arising out of the Accident.

Metro North learned of Schnirring's accident and alleged back injury, at the very latest, in December of 1999, when Schnirring gave a handwritten statement to Metro North concerning the events giving rise to the instant law suit.

Metro North first notified Steadfast of the plaintiff's November 21, 1998 accident and the instant law suit, when it tendered its defense to Steadfast under cover letter dated March 11, 2003.

Metro North first advised Steadfast of the plaintiff's December, 1999 claim of back injury, under cover letter dated March 9, 2004.

In April of 2004, the plaintiff increased her settlement demand (which had been pending for over a year), and on Friday, May 14, 2004, withdrew it entirely.

### 13. <u>TRIAL TO COURT/JURY:</u>

(b) This case is to be tried before a Jury.

(1)-(3) The parties' Jury Instructions, Proposed Voir Dire and Verdict Forms are attached hereto.

(4) Statement Of The Case

The plaintiff, Shaka Schnirring, brings this lawsuit pursuant to the Federal Employers' Liability Act. The plaintiff claims she was injured while working for Metro-North railroad on November 21, 1998 while pushing a mobile cart that became stuck in ballast between tracks. She claims Metro-North negligently failed to provide her with a reasonably safe place to work and Metro-North's negligence, in whole or in part, caused her low back injuries.

The plaintiff seeks damages for past and future lost earnings and benefits, past and future pain, suffering and mental anguish and permanent disfigurement and for medical expenses.

FOR THE PLAINTIFF, SHAKUNTALA SCHNIRRING

By _____

Scott E. Perry, Esq. (ct17236)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000

FOR THE THIRD-PARTY DEFENDANT,
 STEADFAST INSURANCE COMPANY,


By *Nancy Lyness (SP per email intruction)*
   Nancy Lyness (ct23852)
   WHITE FLEISCHNER & FINO, LLP
   140 Broadway – 36th Floor
   New York, New York  10005
   (212) 487-9700

FOR THE DEFENDANT
METRO-NORTH RAILROAD
COMPANY,

By _____

Brian M. Molinari (ct21294)
LANDMAN CORSI BALLAINE & FORD, P.C.
120 Broadway – 27th Floor
New York, New York  10005
(212) 238-4800