UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTCUT

_____X

| | |
|---|---|
| SHAKUNTALA SCHNIRRING, | CIVIL ACTION |
|     Plaintiff | NO. 3:01CV02137 (SRU) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
|     Defendant/Third-Party Plaintiff | |
| VS. | |
| STEADFAST INSURANCE COMPANY, | MAY 27, 2004 |
|     Third-Party Defendant | |

_____X

## PLAINTIFF'S PROPOSED JURY CHARGES

These Proposed Charges are based on the plaintiff's present understanding of the case and he reserves the right to submit additional proposed charges.

## OVERVIEW

The plaintiff, Shakuntala Schnirring, brings this action against the defendant, Metro-North Railroad Corporation to recover damages for injuries she claims to have suffered as a result of an accident that occurred on November 21, 1998.

Mrs. Schnirring alleges the railroad was negligent in that it failed to provide her with a reasonably safe place to work and that the railroad's negligence caused her to suffer injuries to her back.

## FELA

The plaintiff brings this action against the defendant railroad under the Federal Employers Liability Act or FELA. That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas.

The purpose "of the FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions."[1]

---

[1] Kozar v. Chesapeake and Ohio Ry. Co., 320 F. Supp. 335, 387 (WD Mich. 1970), aff'd in part and vacated in part on other grounds, 449 F.2d 1238 (6th Cir. 1971). See House Judiciary Com. Rep., H.R. Rep. No. 1386, 60th Cong., 1st Sess., 42 Cong. Rec. 4434 et seq. (1908), Sinkler v. Missouri P. R. Co., 356 U.S. 326, 329-30 (1958), and Kernan v. American Dredging Co., 355 U.S. 426, 431-33 (1958).

## **ELEMENTS**

In order to find the defendant liable to the plaintiff under the FELA statute, you must find by a preponderance of the evidence:

First, that the defendant is a railroad engaged in interstate commerce;

Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of her employment;

Third, that the defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.[2]

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them.[3]

## **NEGLIGENCE**

The third element is whether the defendant or its employees or agents were negligent.

The fact that plaintiff was injured during her employment does not automatically entitle her to recover from her employer. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.[4]

---

[2] Williams v. Long Island Railroad, Co., 196 F.3d 402, 406 (2nd Cir. 1999); Ulfik v. Metro-North Commuter Railroad, Co., 77 F.3d 54, 58 (2nd Cir. 1996); Smith v. National Railroad Passenger Corp., 856 F.2d 467, 469 (2d Cir. 1988).

[3] Sand, 4 Federal Jury Instructions, § 89-2 (2004).

[4] Sand, 4 Modern Federal Jury Instructions, § 89-8 (2004).

Negligence is simply the failure to use the same degree of care that a person or ordinary prudence would use in the circumstances of a given situation. It can be the doing of something that a reasonably prudent person would not have done or failing to do something that a reasonably prudent person would have done under the circumstances.[5]

## DUTY TO GUARD AGAINST FORESEEABLE RISKS

This definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.[6]

How do you determine whether the defendant railroad knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the defendant's attention or otherwise would have known of the condition.

---

[5] Sand, 4 Modern Federal Jury Instructions, §89-9 (2004).

[6] Sand, 4 Modern Federal Jury Instructions, § 89-10 (1993), Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108, 120-21 (2004).

4

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant railroad failed to take such reasonable precautions, then you may find that the defendant railroad was negligent.[7]

## DUTY TO PROVIDE SAFE PLACE TO WORK

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide her with a reasonably safe place in which to work, reasonably safe conditions in which to work.[8]

## NON-DELEGABLE DUTY TO PROVIDE SAFE PLACE TO WORK

The Railroad's duty to provide its employees with a safe place to work is non-delegable, that is, it cannot be passed to another corporate entity or individual. This is so despite the fact that the Railroad may not own, control or be under the primary obligation to maintain the premises on which the employee is injured. The Railroad is not relieved from liability because of the existence of an unsafe condition was brought about through the act of a third party and without fault on the Railroad's part. The Railroad cannot legally delegate, that is pass its duty to another and escape liability to its employee.

---

[7] Sand, 4 Modern Federal Jury Instructions, § 89-11 (2004).

[8] Sand, 4 Modern Federal Jury Instructions, § 89-13 (2004).

Under the FELA the employer is the one owing the duty to the employee. The employee need not look elsewhere for her protection. She has the right to rely on her employer and none other. When the employer abdicates, or gives up its duty or control over the premises or the situation, the employer takes the risk, not the employee.[9]

**DUTY TO INSPECT**

This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.[10]

**CONTINUING DUTY**

The defendant railroad's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.[11]

---

[9] Payne v. Baltimore & Ohio R.R. Co., 309 F.2d 546, 549 (6th Cir. 1962), cert. denied, 374 U.S. 827, 10 L. Ed. 2d 1051; Schiller v. Penn Central R. R. Co., 509 F.2d 263, 269 (6th Cir. 1975); Shenker v. Balt. & Ohio R.R. Co., 374 U.S. 1, 8-9 (1963).

[10] Sand, 4 Modern Federal Jury Instructions, §89-15 (2004); Cazad v. C & O, 622 F.2d 72, 76 (4th Cir. 1980); Shenker v. Baltimore & O Ry. Co., 374 U.S. 1, 7-8, 83 S.Ct. 1667 (1963); Nivens v. Southwestern Ry. Co., 425 F.2d 114, 120 (5th Cir.), cert. denied, 114 U.S. 879 (1970).

[11] Sand, 4 Modern Federal Jury Instructions, §89-16 (2004); Shenker v. Baltimore & O Ry. Co., 374 U.S. 1, 7-8, 83 S.Ct. 1667 (1963); Nivens v. Southwestern Ry. Co., 425 F.2d 114, 120 (5th Cir.), cert. denied, 114 U.S. 879 (1970).

## DUTY TO PROVIDE SAFE TOOLS, EQUIPMENT, APPLIANCES AND MACHINERY

The Railroad has a duty under the FELA to provide its employees with reasonably safe, suitable and adequate instrumentalities, equipment, and premises. Liability may be imposed for injuries resulting from use of unsafe or inadequate machinery and premises that are not reasonably safe due to design or lack of maintenance.[12]

## NEGLIGENCE SUMMARY

To summarize, if you find by a preponderance of the evidence that the defendant railroad failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work or with reasonably safe work conditions, or failed in any other way to exercise reasonable care in the circumstances, you may find that the defendant was negligent.[13]

---

[12] Shenker v. Balt. & O. R. Co., 374 U.S. 1, 8-9 (1963); Ragsdell v. So. Pac. Transp. Co., 688 F.2d 1281, 1282 (9th Cir. 1982).

[13] Sand, 4 Modern Federal Jury Instructions, § 89-21 (2004).

**CAUSATION**

Another element to be determined is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?[14] However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the railroad's negligence played any part, no matter how slight, in causing an injury to the plaintiff.[15]

---

[14] Williams v. Long Island Railroad, Co., 196 F.3d 402, 406 (2nd Cir. 1999); Ulfik v. Metro-North Commuter Railroad, Co., 77 F.3d 54, 58 (2nd Cir. 1996); Smith v. National Railroad Passenger Corp., 856 F.2d 467, 469 (2d Cir. 1988).

[15] Sand, 4 Modern Federal Jury Instructions, § 89-22 (2004).

**CONTRIBUTORY NEGLIGENCE** [Only if the court rules that the defendant is entitled to a defense of contributory negligence].

In addition to denying that any negligence of the railroad caused any injury or damage to the plaintiff, the railroad alleges, as a further defense, that some contributory negligence on the part of the plaintiff was a cause of any injuries and consequent damages she may have sustained. Contributory negligence is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.[16] The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff herself was also at fault, and that such fault contributed to one of the causes of any injuries and consequent damages plaintiff may have sustained. You may not find contributory negligence on the part of the plaintiff, however, simply because she acceded to the request or direction of the responsible representatives of her employer that she work at a dangerous job, or in a dangerous place or under unsafe conditions.[17]

---

[16] Taylor v. Burlington Northern R.R., 787 F.2d 1309, 1316 (9th Cir. 1986).

[17] F.J.P.I. § 94.16.

If you find that the plaintiff was in some respect contributorily negligent, this finding does not defeat plaintiff's right to recover damages, rather it would result in a reduction of the plaintiff's damages in proportion to the amount of negligence attributable to the plaintiff.[18]

## EMPLOYEE'S RIGHT TO ASSUME

An employee has the right to assume that the railroad has taken reasonable precautions to eliminate potential hazards at the work site.[19]

## DAMAGES

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damage proved by the evidence to have resulted from the railroad's negligence:

(a) You may include in your verdict the plaintiff's loss of earnings shown by the evidence in the case to be proximately caused by the injuries as a result of the incident in question to the present.

---

[18] Almendarez v. Atchison, T. & S.F. Ry. Co., 426 F.2d 1095 (1970); Chicago, R.I. & P.R. Co. v. Powers Foundation Drilling Co., 294 F. Supp. 921, 924 (W.D. Okla. 1968).

[19] Cazad v. C & O, 622 F.2d 72, 75 (4th Cir. 1980).

(b) You may include in your verdict the plaintiff's future loss of earnings shown by the evidence in the case to be proximately caused by the injuries as a result of the incident in question. The plaintiff may recover not only for actual loss of future earnings, but for the impairment to her earning capacity. In considering impairment of earning capacity for the future, you must consider what the plaintiff's earning power would have been if she had not been injured and determine to what extent the injury caused a reduction in that earning power.

(c) You may include in your verdict the plaintiff's lost fringe benefits on the railroad, including the annual value of her medical insurance coverage and pension benefits.[20]

(d) In awarding damages, you may take into consideration any medical expenses which you find from the evidence the plaintiff has incurred as a result of the injuries received in this accident.

(e) In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by her and proximately resulting from the injuries in question.

(f) In awarding damages, you may include in your verdict, a sum of money which will reasonably compensate the plaintiff for any pain, suffering, mental anguish, loss of function, inability to enjoy life's normal activities, and fear of the future which you find from the evidence in the case that it is reasonably probable she will suffer in the future from the same cause.[21]

---

[20] See Sand, Modern Federal Jury Instructions, § 89-33 (2004).

[21] Sand, Modern Federal Jury Instructions, § 89-29 (2004).

(g) In awarding damages, you may include a sum of money that will reasonably compensate the plaintiff for any scarring and disfigurement she has suffered from the injury in question.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life. The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff in this regard.[22]

According to the U.S. National Center for Health Statistics, Vital Statistics of the U.S., Annual, the life expectancy of a 41 year old female person is 39.8 years.

This fact, of which the Court takes judicial notice, is now in evidence to be considered by you in arriving at the amount of damages, if any, to be awarded, in the event you find the plaintiff is entitled to a verdict.

---

[22] 5 Am. Jur. Trials at 1023, 1026-27.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in our country of a given age, and that estimate is based on not a complete but only a limited record of experience. So the inference which may be drawn from the life expectancy shown by the table applies only to one who has the average health and exposure to danger of people of that age.  In considering the life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence bearing on the life expectancy of the plaintiff, including her occupation, and state of health.

## TAKE PLAINTIFF AS YOU FIND HER AND AGGRAVATION OF PRE-EXISTING CONDITION

There was evidence that prior to November 21, 1998, the plaintiff had a pre-existing condition. The railroad is only liable for damages you find to be caused by the occurrence of November 21, 1998. If you find the plaintiff's pre-existing condition, made her more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances. If you find the defendant negligently caused further injury or aggravation to any pre-existing condition the plaintiff had, the plaintiff is entitled to compensation for all her damages caused by the incident, including further injury or aggravation.[23]

---

[23] Stevens v. Bangor and Aroostook Railroad Co., 97 F.3d 594, 601 (1st Cir. 1996); Maurer v. United States, 668 F.2d 98 (2nd Cir. 1981); Wise v. Union Pacific RR Co., 815 F.2d 55 (8th Cir. 1987).

## **LOST EARNINGS -- COMPUTATION**

Regarding the annual compensation which plaintiff would have received in each future year, you must address several items, based on the evidence presented at this trial:

First, you must determine the amount of wages that would have been received in each year.

In determining the amount of such wages, you may start with the worker's annual wage at the time of injury. You then may consider the evidence presented and determine the extent to which the plaintiff would have received raises due to years of service, merit, promotions, or general increases in the wages of workers. (You may not consider raises which might have resulted from price inflation during those years, either through cost-of-living increases or otherwise.)

Second, you may also consider fringe benefits, including insurance coverage, pension and retirement plans as compensation in each year.

You should calculate an amount of compensation for each future year during which the plaintiff would have worked.[24]

---

[24] See Sand, 4 Modern Federal Jury Instructions § 89-33 (2004).

**DISCOUNTING TO PRESENT VALUE**

Once you have determined the lost annual compensation, if any, for each future year, totaling those annual figures would give you the approximate amount of lost future wages. However, it is self-evident that a given sum of money in hand now is worth more than a like sum of money payable in the future in installments and over an extended period. A given sum of money now in hand may be invested and earn interest. Thus, if you make an award for lost future earnings, you must reduce each annual installment to its present value. This process is referred to as "discounting to present value." [25]

**DISCOUNTING METHODS**

In discounting the amount of lost future wages, if any, to present value, you should use one of the methods which I am about to describe to determine what discount rate to apply: the "total offset method" and the "real interest rate" method.

First, you must determine, based on the evidence at this trial, which method of discounting best reflects the pattern in plaintiff's line of work. I will review how each of these methods works:

In the "total offset method," it is assumed that, while it is true that a given sum of money in hand today will earn interest, it is also assumed that general inflation and other factors will completely offset that interest. Since I have already instructed you not to include wage increases due to general inflation in your computation of the amount of lost future wages, under this approach, you would not apply a discount rate.

---

[25] Sand, 4 Modern Federal Jury Instructions § 89-34 (2004).

In the "real interest rate" approach, it is assumed that the interest rate which could be earned on a given sum of money is partially offset by increases in wages due to general inflation, with the remaining interest rate representing the "real" rate of interest. Since I have already instructed you not to include wage increases due to general inflation, under this approach, you would apply a discount rate equal to the "real interest rate." I charge you that, if you use this method, a discount rate between one and three percent would be reasonable.

Once you have determined the appropriate discount rate, if any, you should apply it to the lost annual income for each year separately. The sum of all the annual figures, after discounting, equals the award for future lost wages. [26]

---

[26] Sand, 4 Modern Federal Jury Instructions § 89-35 (2004).

## DISCOUNTING METHOD FOR FUTURE NON-PECUNIARY DAMAGES SUCH AS PAIN, SUFFERING AND MENTAL ANGUISH

It is not necessary to reduce your award for future intangible damages such as pain and suffering and mental anguish by any particular discount rate. It is sufficient if you generally take into account the time value of money without applying any precise mathematical adjustment.[27]

## AWARD IS NOT TAXABLE

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[28]

---

[27] Oliveri v. Delta Steamship Lines, Inc., 849 F 2d 742, 751 (2nd Cir. 1988).

[28] Sand, 4 Modern Federal Jury Instructions, § 89-36 (2004).

18

**ATTORNEY INTERVIEWS**

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney and told him what he would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.[29]

**ATTORNEY STATEMENTS AT TRIAL**

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but are not evidence. The dollar figure suggested by plaintiff's counsel as appropriate relief in this case is only a comment on the evidence or a suggestion. Such a suggestion is not evidence and you are not bound by it.[30]

---

[29] 45 U.S.C. §60; United Transportation Union et. al v. Metro-North Commuter Railroad Company, 862 F. Supp. 55, 57 (S.D.N.Y. 1994); International Business Machines Corp. v. Edelstein, 526 F.2d 37, 41-44 (2d Cir. 1975).

[30] Philadelphia & Reading Ry. v. Sherman, 247 F.2d 269, 271 (2d. Cir. 1917); Modave v. Long Island Jewish Medical Center, 501 F.2d 1065, 1079 (2d. Cir. 1974); Mileski v. Long Island Railroad Co., 499 F.2d 1169, 1172-74 (2d Cir. 1974); Lightfoot v. Union Carbide Corp., 110 F. 3d 989, 912 (2d Cir. 1997).

FOR THE PLAINTIFF,

By _____
Scott E. Perry (ct17236)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000

**CERTIFICATE OF SERIVCE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 27th day of May, 2004, to Brian M. Molinari, Esq., Landman Corsi Ballaine & Ford, P.C., 120 Broadway – 27th Floor, New York, New York 10271-0079; and to Nancy Lyness, Esq., White Fleischner & Fino, LLP, 140 Broadway, New York, New, New York  10005.

_____
Scott E. Perry