UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____X

Shakuntala Schnirring                    Civil Action
                                         No: 3:01CV02137(SRU)
    Plaintiff


VS.


Metro-North Railroad Company             May 27, 2004

    Defendant

_____X


## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DISCIPLINARY ACTIONS TAKEN AGAINST PLAINTIFF AND ALL UNDERLYNG CONDUCT PERTAINING THERETO

The plaintiff moves *in limine* to preclude any evidence of the unrelated disciplinary action taken against her by the Railroad because such evidence is not relevant pursuant to this FELA case. Fed. R. Evid. 402. To the extent there is any probative value of such evidence, the minimal probative value is substantially outweighed by the likelihood of unfair prejudice and its propensity to confuse the issues in dispute and mislead the jury. Fed. R. Evid. 403.

## BACKGROUND

The plaintiff has been a Car Cleaning Foreman for the defendant since 1990. Due to a longstanding defect in the New Haven Yard area, on November 21, 1998 a mobile cart used to transport garbage became stuck on ballast in between two tracks. While helping push it out, the plaintiff's back was injured. She underwent right lumbar decompressive hemilamanectomy and discectomy at L5/S1 on January 21, 1999 and remained out of work until June 7, 1999 when Metro-North approved her return to work as a Car Cleaning Foreman with certain medical restrictions.

The plaintiff worked in her Foreman position until she was taken out of service on August 16, 2001 for unrelated disciplinary charges. The plaintiff, who is a black female, was charged with sexual harassment and using racial slurs. [On November 21, 2001, the plaintiff was found guilty of sexual harassment and suspended 45 days. On October 17, 2001, the plaintiff was found guilty of using racial slurs and suspended for 30 days.] The Railroad found the plaintiff guilty of the charges it had brought and demoted plaintiff from her Car Cleaning Foreman position to Car Cleaner, a job that involves more physical activity than her Foreman position. The plaintiff appealed to an independent arbitration board known as a Special Board of Adjustment (SBA).

The SBA upheld the 70 day suspension in a decision rendered in the spring of 2003. (App. A, attached hereto are the two opinions of the SBA concerning the disciplinary charges against the plaintiff with the cover letter that accompanied them). The SBA also held the defendant must make the plaintiff whole at her Coach Cleaner Foreman rate of pay from October 21, 2001 to November 21, 2001 and the defendant must provide the plaintiff with an opportunity to return to service as a Coach Cleaner Foreman.

From November 21, 2001 through the spring of 2003, the defendant refused to allow the plaintiff to return to work as a Coach Cleaner, apparently because of her incapacity resulting from her back injury. From the spring of 2003 to the present (since the SBA decision) the defendant has refused to permit the plaintiff to return to work as a Coach Cleaner Foreman. (App. B, Metro-North MD-40s Form indicating plaintiff is permanently disqualified from her foreman position).

The plaintiff does not and will not claim lost wages or benefits for the time period of the suspension upheld by the SBA (August 16, 2001 to October 21, 2001). The plaintiff seeks lost wages for the period from January 20, 1999 through June 7, 1999 and from October 21, 2001 to the present and into the future. For the time periods the plaintiff was working in a restricted duty capacity she will be seeking lost overtime pay.

**DISCUSSION**

Since the plaintiff does not seek lost wages for the time period covered by the unrelated suspension, evidence of the disciplinary proceedings and underlying facts are not relevant to any issue in this case. *See* Fed. R. Evid. 402. If for any reason the Court finds there is some probative value to admitting evidence concerning the underlying facts and the disciplinary proceedings, the evidence should be barred because it is unduly prejudicial, and likely to confuse the issues in the case and mislead the jury. *See* Fed R. Evid. 403.

Therefore, the plaintiff respectfully moves the Court, *in limine*, to preclude all evidence pertaining to the disciplinary proceedings and underlying facts pertaining thereto.

FOR THE PLAINTIFF,

BY _____

Scott E. Perry
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000
ct17236

## Certificate of Service

This is to certify that a copy of the foregoing was sent first class mail, postage prepaid to:

Brian Molinari, Esq.
Landman Corsi Ballaine & Ford
120 Broadway, 27th Fl.
NY, NY 10271

Nancy Lyness, Esq.
White Fleischner & Fino, LLP
140 Broadway - 36th Fl.
NY, NY 10005

on May 27, 2004.

Scott E. Perry

# Appendix A

# The American Railway Supervisors Association

A DIVISION OF T.C.U.

Member
AFL - CIO - CLC - RLEA

Subordinate
Officials



National
Organization

5/1/2003

Mrs. Shakuntala Schnirring
51 d South Wind Lane
Milford, CT 06460

Re: Arbitration Award

Dear Shakuntala,

Enclosed is the award of arbitration for Special Board of Adjustment # 1001. You have been restored as an ARASA foreman however, the Arbitrator has deemed, and imposed certain conditions in this award.

Please feel free to contact me at any time.

In Solidarity,

William J. Mills
General Chairman ARASA Local 5041
Board of Directors 6th VP

Cc:
   file

 **COPY**

## SPECIAL BOARD OF ADJUSTMENT NO. 1001

AWARD NO. 103
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO. ARSE01/NH13(D)

### PARTIES TO THE DISPUTE:

MTA METRO-NORTH RAILROAD

- and -

AMERICAN RAILWAY & AIRWAY SUPERVISORS
ASSOCIATION: DIVISION OF TCU

### STATEMENT OF CLAIM:

"It is the Claim and request of Petitioning Organization that:

1. Carrier did not prove Ms. Schnirring in violation on July 31, 2001 and August 2, 2001, when she was allegedly accused to have thwarted unwelcome attempts of physical contact with Car Cleaner Keith Reynolds and Ivor Grainger.

2. Because of this wrongful violation action, Carrier will be required to rescind the discipline assessed of 45 days suspension and disqualification as a supervisor. This discipline action will be removed from Ms. Schnirring's record. All lost wages, including overtime, rights and benefits will be compensated and she will be reinstated as supervisor with all seniority rights unimpaired.

AWARD NO. 103
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO.  ARSE01/NH13(D)

2

<u>OPINION OF BOARD</u>:

Effective August 16, 2001, Foreman S. Schnirring (Appellant) was taken out of service in connection with the following charges:

1.   Unwelcome attempted physical contact with Car Cleaner Keith Reynolds and a threat of reprisals when the attempt was rebuffed on July 31, 2001.

2.   Unwelcome physical contact with Car Cleaner Ivor Grainger on August 2, 2001, while working as Car Cleaning Foreman on Job #500, in violation of the 2001 Metro-North Sexual Harassment Prevention Policy.

The investigation, originally scheduled for August 28, 2001, was postponed at the request of the Organization and subsequently held to completion on November 5, 2001. In the meantime, Carrier's investigation of the alleged acts of unwelcome physical contact with employees led to additional charges of inappropriate racial slurs.  Claimant was separately charged, found culpable and assessed a thirty (30) day suspension on the latter charges, which was upheld by this Board in companion case No. 104.

Following the postponed investigation on the unwelcome and inappropriate physical contact, Appellant was advised by Notice of Discipline dated November 21, 2001 that she had been found guilty as charged and was suspended for an additional period of forty-five (45) days [subsequently reduced unilaterally by Carrier to forty (40) days] and alsodisqualified as a Car Cleaning Foreman.

The Organization's procedural objection that Appellant was denied a fair investigation and that she was the victim of a false

AWARD NO. 103
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO. ARSE01/NH13(D)

3

charges by an employee with <u>animus</u> are not substantiated on the record before the Board. As to the merits, Carrier met its burden of proving that the Appellants' playful behavior toward Messrs. Reynolds and Grainger included inappropriate touching or groping which far exceeded the bounds of Carrier's Sexual Harassment Prevention Policy.

Based upon careful consideration of the entire record, we are fully persuaded that the incidents catalogued in the November 21, 2001 Notice of Discipline occurred essentially as described by the witnesses. Carrier was well within its rights to impose a disciplinary penalty for this misconduct and a forty (40) day suspension can hardly be deemed unreasonably harsh in the circumstances.

The total period of suspension without pay [seventy (70) days] which this Board upholds in the two companion cases, Case Nos. 103 and 104, began on August 16, 2001 when she was removed from service and should have expired on October 21, 2001, prior to the November 21, 2001 date when she was disqualified as a Coach Cleaner Foreman. Since that time, Appellant has not been able to pass the return-to-work physical examination for Coach Cleaner. Based on all of the foregoing, therefore, Carrier is directed to make Appellant whole, at the Coach Cleaner Foreman rate of pay, for the period October 25, 2001 through November 21, 2001.

Finally, Carrier shall proffer to Claimant an opportunity to return to service in the capacity of Coach Cleaner Foreman,

AWARD NO. 103
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO. ARSE01/NH13(D)

4

conditioned upon her satisfactory completion of return-to-work examinations and attendance and certification of EEOC sensitivity training.  Should she meet these pre-conditions, she shall be returned to service as a Coach Cleaner Foreman, without back pay beyond that awarded _supra_ by this Board but conditioned further upon a one-year probationary period as Coach Cleaner Foreman.


## AWARD

Claim denied, except to the extent indicated in the Opinion.


_____
Nancy Faircloth Eischen, Chair


_____
Union Member

_____
Company Member

 **SPECIAL BOARD OF ADJUSTMENT NO. 1001**

AWARD NO. 104
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO. ARSE01/NH11(D)

## PARTIES TO THE DISPUTE:

MTA METRO-NORTH RAILROAD

- and -

AMERICAN RAILWAY SUPERVISORS
ASSOCIATION: DIVISION OF TCU

## STATEMENT OF CLAIM:

"It is the Claim and request of the Petitioning Organization that:

1.  Carrier did not prove Ms. Schnirring in violation on July 31, 2001 and August 2, 2001, when she was allegedly accused of 'Conduct unbecoming a Metro-North employee, in that you made racist comments to Kristy Hilbert while working as a Car Cleaner Foreman Job #500 Thursday, August 2, 2001, in violation of the 2001 Metro-North Equal Opportunity/Diversity Policy Statement.'

2.  Because of this wrongful violation action, Carrier will be required to rescind the discipline assessed of 30 days actual suspension. This discipline action will be removed from Ms. Schnirring's record. All lost wages including overtime, rights and benefits will be compensated and will all seniority rights unimpaired."

AWARD NO. 104
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO. ARSE01/NH11(D)

2

**OPINION OF BOARD:**

On September 28, 2001, a trial was held to determine Foreman S. Schnirring's (Appellant) responsibility in connection with the following offense:

> "Conduct unbecoming a Metro-North employee, in that you made racist comments to Kristy Hilbert while working as a Car Cleaning Foreman on Job #500 Thursday, August 2, 2001, in violation of the 2001 Metro-North Equal Opportunity/Diversity Policy Statement."

On October 17, 2001, Appellant was informed that she had been found guilty of the charge noted supra, and, as a result, was assessed a thirty (30) day actual suspension.

The Organization protested the discipline, alleging at the outset that the Appellant did not receive a fair and impartial investigation when she was denied pre-trial rights. With regard to the merits of the issue, the Organization asserts that the testimony of witness K. Hilbert was "unreliable and contradictory", and that there was a conspiracy among several employees to "get" the Appellant. Finally, the Organization pointed to the "confusion" surrounding the exact date(s) upon which the Appellant allegedly made the racist remark, and the "confusion" caused by Carrier witness Delvecchio's testimony regarding same.

In its denial of the claim Carrier pointed out that when the Organization raised the issue of the "omission" of a pre-trial hearing, Carrier offered to adjourn the proceedings to allow for same. However, the Organization refused the offer to do so and thereby waived that procedural argument. With respect to Witness

AWARD NO. 104
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO. ARSE01/NH11(D)

3

K. Hilbert's testimony, Carrier noted that Ms. Hilbert did not make the complaint which led to the investigation, but rather fellow employee Williams who initiated the proceedings by reporting Claimant's comments. Finally, notwithstanding lack of clarity concerning whether both incidents took place on August 2, the date alleged in the claim noted supra, Carrier contends that the record evidence demonstrates that there were two (2) racial statements, one of which was made in the foreman's office and overheard by Witness Delvecchio .

At the outset, the Organization asserts that the Appellant was denied a fair and impartial investigation, specifically that Carrier did not make a "formal offer" for a pre-trial hearing to the Appellant and the Organization. The record demonstrates, however, that there was "extensive" pre-trial discussion between the parties, a fact which the Organization does not refute. It is also not refuted that the Hearing Officer offered to adjourn the start of the trial to afford the parties an opportunity for such a meeting to take place, and the Organization, on behalf of the Appellant, declined the offer. Therefore, we find no evidence that the Appellant was denied a fair and impartial investigation as alleged by the Organization.

Turning to the merits of the dispute, the Appellant testified that prior difficulties with witness Hilbert motivated Ms. Hilbert to make false allegations against her. However, a review of the record evidence does not support the Appellant's testimony in that

AWARD NO. 104
NMB CASE NO.
UNION CASE NO.
COMPANY CASE NO. ARSE01/NH11(D)

4

regard.  It must be noted that Ms. Hilbert did not initiate the complaint which led to this dispute and the record demonstrates that both Ms. Hilbert and her father attempted to distance themselves from the issue.  It is obvious from a careful reading of the trial transcript that Ms. Hilbert was a reluctant witness against Appellant.  For his part, Mr. Delvecchio participated because his supervisory responsibilities required that he do so. In short there is no persuasive evidence of _animus_ against Ms. Schnirring in this record.

Although there was some dispute at the trial as to whether the statements were made on the same day or different days, Carrier has persuasively demonstrated that in at least two conversations with an employee under her supervision the Appellant used offensive, derogatory and inappropriate racial slurs to describe other co-workers.  Such conduct by any employee in the work place is unacceptable in and of itself but because Appellant was in a supervisory role, her comments could have exposed Carrier to potential liability.  We find no basis in this record to disturb Carrier's determination that she was culpable as charged or to second-guess the penalty assessed by Carrier.

```
                                      AWARD NO. 104
                                      NMB CASE NO.
                                      UNION CASE NO.
                        COMPANY CASE NO. ARSE01/NH11(D)
```

5

**AWARD**

Claim denied.

_____
Nancy Faircloth Eischen,   Chair


_____          _____
Union Member                             Company Member

# Appendix B

OPS CC ADMIN    MEDICAL



**Medical Department**
420 Lexington Avenue/22nd Floor
New York, NY 10017
Tele: (212) 499-4720 Fax: (212) 499-4740    '03 JUL 28 AM 11: 49

## Metro-North Railroad

## REQUEST FOR MEDICAL SERVICE

All examinations and visits are performed by appointment. Please schedule by telephone with the Medical Department and enter the time and date below. Emergency problems will be accommodated immediately by calling for an appointment during working hours (8:00 a.m. - 4:30 p.m.) For examinations: if you wear corrective glasses or a hearing device, please have them with you. If you wear contact lenses, please be prepared to remove them.

### TO BE COMPLETED BY SUPERVISOR. PLEASE TYPE OR PRINT USING A BALL POINT PEN.

| Name (Last, First, Middle) | Appointment (Date & Time) |
|---|---|
| SCHNIRRING, SHAKUNTALA | 7/28/03 12:00 P.M. |

| Home Address, City, State, Zip Code | |
|---|---|
| 51 D SOUTHWIND LANE MILFORD, CT 06460 | Home Telephone # (203) 874-1615 |

| Employee # | SS # | Date of Birth | Occupation |
|---|---|---|---|
| 110572 | 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 | 6/18 63<br>Month  Day  Year | FOREMAN |

| Immediate Supervisor Name and Title (Print) | Department |
|---|---|
| Peter M. DeCarlo Asst. Dir. | OPERATIONS SERVICES |

| Supervisor's Signature | Supervisor's Mailing Address | Supervisor's Telephone # |
|---|---|---|
| Peter M. DeCarlo | 1B G.C.T. | 2470 FAX 4917 |
| Assistant Director Operation Svcs. | | |

**REASON FOR VISIT**
Check Type of Examination Requested or Describe Under Other.

☐ Periodic: Type _____
☐ Return from Furlough
☐ Change of Craft to: _____
☐ Injury Visit, Date of Injury _____
☐ Accident Report Filed

☒ Return to Duty
☐ Evaluation
☐ Waiver
☐ Other _____

**Remarks**

### TO BE COMPLETED BY HEALTH CARE PROFESSIONAL

| REPORT OF VISIT | ☐ Occupational<br>☒ Non-Occupational<br>☐ Pending Review and Determination | Visit  Visit | Revisit (Circle One)<br>Revisit (Circle One) |
|---|---|---|---|

| | Full Duty | Restricted Duty | Effective Date | ☐ Follow-Up Visit |
|---|---|---|---|---|
| ☐ Qualified | ✗ | ✗ | | Date 9 8 Mon |
| ☒ Not Qualified | | | | Time 12 Pm |

**MUST WEAR:** ☐ Corrective Lenses
**OTHER** ☐ Hearing Aid
☐ Specify _____

### COMMENTS AND RESTRICTIONS

☐ See MD2 for additional information

you have any questions, please contact:

Examiner's Name (Print) _____ G. Go

Telephone # 499-4724

Examiner's Signature _____

Date 7 28 03
Month  Day  Year

CC: RISK MANAGEMENT    ☐ YES    ☒ NO



**Medical Department**
420 Lexington Avenue/22nd Floor
New York, NY  10017
Tele: (212) 499-4720  Fax: (212) 499-4740

**Metro-North Railroad**

# REQUEST FOR MEDICAL SERVICE

-3  AM II: 55

All examinations and visits are performed by appointment. Please schedule by telephone with the Medical Department and enter the time and date below. Emergency problems will be accommodated immediately by calling for an appointment during working hours (8:00 a.m. - 4:30 p.m.) For examinations: if you wear corrective glasses or a hearing device, please have them with you. If you wear contact lenses, please be prepared to remove them.

## TO BE COMPLETED BY SUPERVISOR. PLEASE TYPE OR PRINT USING A BALL POINT PEN.

| Name      (Last,   First,   Middle) | Appointment (Date & Time) |
|---|---|
| SCHNIRRING, SHAKUNTALA | 3/8/04 12:30PM |

| Home Address, City, State, Zip Code | Home Telephone # |
|---|---|
| 51 D SOUTHWIND LANE MILFORD, CT  06460 | (203) 874-1615 |

| Employee #  | SS # | Date of Birth | Occupation |
|---|---|---|---|
| 110572 |  | 6 /18  63  Month   Day   Year | FOREMAN |

| Immediate Supervisor Name and Title (Print) | Department |
|---|---|
| Peter M. DeCarlo Asst. Dir. | OPERATIONS SERVICES |

| Supervisor's Signature | Supervisor's Mailing Address | Supervisor's Telephone # |
|---|---|---|
| Peter De Carlo | 1B G.C.T. | 6934 FAX 6937 |
| Assistant Director Operation Svcs. | | |

**REASON FOR VISIT**
Check Type of Examination Requested or Describe Under Other.

- ☐ Periodic: Type _____
- ☐ Return from Furlough
- ☐ Change of Craft to: _____
- ☐ Injury Visit, Date of Injury _____
- ☐ Accident Report Filed

- ☒ Return to Duty
- ☐ Evaluation
- ☐ Waiver
- ☐ Other _____

**Remarks**

## TO BE COMPLETED BY HEALTH CARE PROFESSIONAL

| REPORT OF VISIT | ☐ Occupational | Visit | Revisit |
|---|---|---|---|
| | ☒ Non-Occupational | Visit | (Circle One) **Revisit** |
| | ☐ Pending Review and Determination | | (Circle One) |

|  | Full Duty | Restricted Duty | Effective Date | ☒ Follow-Up Visit |
|---|---|---|---|---|
| ☐ Qualified | ☐ | ☐ | | Date  04/19/04 |
| ☒ Not Qualified | | | 03/08/04 | Time  12:00 P.M. |

### COMMENTS AND RESTRICTIONS

**MUST WEAR:**
- ☐ Corrective Lenses
- ☐ Hearing Aid

**OTHER**
- ☒ Specify  _Not qualified as a foreman permanently. Previously referred for vocational assistance_
- ☐ See MD2 for additional information

8:41 NU 80

If you have any questions, please contact:

| Examiner's Name (Print) | J. Gaston MD | Telephone #  X4720 |
|---|---|---|
| Examiner's Signature | JG/MD | Date  03 , 08 , 04 |
| | | Month   Day   Year |